Randell R. RHODES, JR.,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 79A02–0804–CR–333.

Court of Appeals of Indiana.

Nov. 26, 2008.

Elizabeth B. Searle, Ball Eggleston P.C., Lafayette, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Defendant Randell R. Rhodes, Jr. appeals his thirty-year sentence for Dealing in Cocaine, as a Class A felony.[1] We affirm.

### Facts and Procedural History

On June 14, 2007, Lafayette police officers stopped a vehicle that matched the description of a stolen vehicle. The officers ordered the occupants, Rhodes and Stephen Finch, to exit the car. Cocaine and marijuana, both in quantities in excess of three grams, were found in the car. Cocaine was also discovered on Rhodes's person.

The State charged Rhodes with Dealing in Cocaine, as a Class A felony, Possession of Cocaine, as a Class C felony,[2] and Possession of Marijuana, as a Class A misdemeanor.[3] Pursuant to a plea agreement, Rhodes pled guilty to the dealing charge in exchange for the State dismissing the remaining charges. The sentence was left to the discretion of the trial court. The trial court accepted the guilty plea and sentenced Rhodes to the advisory sentence of thirty years with the last three years to be served at the Tippecanoe Community Correction facility.

Rhodes now appeals.

1. Ind.Code § 35–48–4–1(b)(1).

2. Ind.Code § 35–48–4–6(b).

3. Ind.Code § 35–48–4–11.

4. Although the LSI–R score is in terms of the offender's potential recidivism, the actuarial

## Discussion and Decision

Rhodes contends that the trial court abused its discretion in finding two improper aggravators and that his sentence is inappropriate. As directed by our Supreme Court, we address these two challenges separately. *See Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind.2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind.2007).

### I. Abuse of Discretion

 Sentencing decisions rest within the discretion of the trial court. *Id.* at 490. As long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* One way in which a trial court may abuse its discretion is by finding aggravating and mitigating factors that are not supported by the record, are improper as a matter of law, or the court fails to include factors that are clearly supported by the record and advanced for consideration. *Id.* at 490–91.

 Rhodes challenges two aggravators found by the trial court: his Level of Service Inventory–Revised score (LSI–R)[4] and the use of an alias. First, he contends that it was improper as a matter of law to find that his LSI–R score was an aggravator. Without elaboration, the trial court noted that Rhodes's LSI–R score of twenty-five constituted an aggravator. The inventory test is not included in the Pre–Sentence Report. However, in the Pre–Sentence Report the author notes that "[t]he LSI–R scored the Defendant's problem areas as Criminal History, Education and Employment, Financial, Family, Accommodations, Leisure and Recreation,

instrument is the most commonly used classification tool to determine the rehabilitation needs of offenders. Colorado Division of Criminal Justice, Office of Research and Statistics, *Evidence Based Correctional Practices*, http://www.dcj.state.co.us/ors/pdf/docs/CCJJ_EBP_rpt_v3.pdf.

Companions, Alcohol and Drugs, and Attitudes and Orientation." Pre–Sentence Report at 41. "The LSI–R is a standardized actuarial instrument that contains 54 items and produces a summary risk score that can be categorized into five risk levels. . . . Higher risk levels reflect an increase in the propensity to commit future criminal acts." Christopher T. Lowenkamp & Kristin Bechtel, *The Predictive Validity of the LSI–R on a Sample of Offenders Drawn from the Records of the Iowa Department of Corrections Data Management System,* 71 Fed. Probation 25, 25–26 (Dec. 2007). While this actuarial instrument may be a helpful consideration for a probation department in determining rehabilitative services for an offender, its use by a trial court to assess a defendant's propensities is contrary to the essential function of the trial court in sentencing.

A probation officer is required to conduct a presentence investigation to gather information regarding the circumstances of the offense, the defendant's history of criminality, social and employment history, family situation, economic status, education and personal habits as well as the impact of the offense on the victim and whether the victim desires restitution. Ind.Code §§ 35–38–1–8.5 and –9. The trial court is then required to consider the content of the presentence investigation report before pronouncing a sentence. Ind.Code § 35–38–1–8. The purpose of the presentence report is to assist the judge in having the relevant information to create an appropriate, individualized sentence. *Timberlake v. State,* 690 N.E.2d 243, 266 (Ind.1997). Armed with this information, the trial court performs its own evaluation of the circumstances to determine the existence of aggravating and mitigating factors. *Id.*

The use of a standardized scoring model, such as the LSI–R, undercuts the trial court's responsibility to craft an appropriate, individualized sentence. Relying upon a sum of numbers purportedly derived from objective data cannot serve as a substitute for an independent and thoughtful evaluation of the evidence presented for consideration. As our Supreme Court recently noted in discussing the appellate review of sentences, "[a]ny effort to force a sentence to result from some algorithm based on the number and definition of crimes and various consequences removes the ability of the trial judge to ameliorate the inevitable unfairness a mindless formula sometimes produces." *Cardwell v. State,* 895 N.E.2d 1219, 1224 (Ind.2008). Therefore, it is an abuse of discretion to rely on scoring models to determine a sentence.

Here, the trial court used the LSI–R score as an aggravator in addition to performing an independent evaluation of the evidence. This is also problematic, because areas analyzed in this psychological inventory appear duplicative of factors already considered by the trial court in sentencing (criminal history, education, employment) and other areas appear of questionable value (leisure and recreation). We therefore conclude that use of an LSI–R score as an aggravating factor is improper as a matter of law.

■ Second, Rhodes argues that the aggravator of use of an alias in past encounters with police is not supported by the record. In Rhodes's criminal history from Illinois in the presentence report, it is noted that the Chicago Police Department indicated that Rhodes has used the name Randel Rose. Despite affirming the accuracy of the presentence report at the sentencing hearing, Rhodes implies that this notation is not proof that Rhodes used an alias as the pronunciation of his last name in some urban dialects can sound like "Rose." This argument is without merit.

In conclusion, the trial court abused its discretion in finding one of the four aggravating circumstances. If we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered sentencing factors, remanding for resentencing may be the appropriate remedy. *Anglemyer*, 868 N.E.2d at 491. The other aggravators noted by the trial court include Rhodes's criminal history, which includes a conviction for possession of cocaine and resisting law enforcement, his consumption of alcohol as a child, and the use of an alias in past encounters with law enforcement. The mitigators found were acceptance of responsibility, remorse, hardship on his four children, and his cooperation with police. Although we question the aggravator regarding alcohol, we nonetheless can say with confidence that the trial court would have imposed the advisory sentence of thirty years.

### II. Inappropriate Sentence

██ Second, Rhodes seeks review of his sentence under Indiana Appellate Rule 7(B). Our Supreme Court recently reviewed the standard by which appellate courts independently review criminal sentences:

> Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence through Indiana Appellate Rule 7(B), which provides that a court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The burden is on the defendant to persuade us that his sentence is inappropriate.

*Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (internal quotation and citations omitted).

As to the nature of the offense, Rhodes admitted to possessing almost sixty grams of cocaine with the intent to sell it.

As to the character of the offender, Rhodes has a criminal history that includes possession of cocaine. He also used an alias in the past encounters with law enforcement. Rhodes was cooperative with police when he was arrested, admitting that the drugs were his. He also pled guilty in exchange for the dismissal of the two other charges. Similar to other defendants, Rhodes has children.

In light of the nature of the offense and the character of the offender, Rhodes has not convinced this Court that his advisory sentence of thirty years is inappropriate.

Affirmed.

RILEY, J., and BRADFORD, J., concur.