ATTORNEY FOR APPELLANT
John S. Antalis
Lafayette, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana



FILED
Jun 09 2010, 1:25 pm

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 79S02-1006-CR-296

J.S.,                                                    *Appellant (Defendant below),*

v.

STATE OF INDIANA,                                        *Appellee (Plaintiff below).*

Appeal from the Tippecanoe Superior Court, No. 79D02-0703-FC-15
The Honorable Thomas H. Busch, Judge

On Transfer from the Indiana Court of Appeals, No. 79A02-0805-CR-465

**June 9, 2010**

**Dickson, Justice.**

Appealing his convictions on two counts of Child Molesting, each as a class C felony, the defendant, J.S.[1] has presented several claims, one of which is that the trial court failed to consider as a mitigating circumstance the defendant's relatively low score on a Level of Service Inventory-Revised (LSI-R) offender recidivism risk assessment instrument. We grant transfer to address this issue in conjunction with our decision today in <u>Malenchik v. State</u>, ___ N.E.2d ___ (Ind. 2010). With respect to all other appellate issues raised by the defendant, we summarily af-

---

[1] The defendant is an adult, 49 years of age at the time of his sentencing, but is identified by initials in these appellate proceedings to enhance the privacy of the child victim, his grandchild.

firm the decision of the Court of Appeals.  Ind. Appellate Rule 58(A)(2).

Following a jury trial, the defendant was found guilty of two counts of Child Molesting, a class C felony, and was sentenced to eight years on one count and four years on the other, to be served concurrently, all to be executed at the Department of Correction, without probation.  The trial court's sentencing statement identifies several aggravating factors, including a lengthy history of criminal behavior, the age of the victim (twelve), lack of remorse, abuse of a position of trust, and the fact of multiple offenses for which he was convicted.  Discussing mitigating circumstances, the judge stated:

> On the mitigating side the defendant is a good worker and the defendant has significant family support.  And has been a significantly positive contributor to his family.  I'm going to discount the LSI-R.  I've been advised that that's not a good measure in cases involving sexual abuse, so I'm not going to treat that either as an aggravator or a mitigating factor.  I do find that the aggravating factors outweigh the mitigating factors.

Tr. at 428.[2]  In affirming the defendant's convictions and sentence, the Court of Appeals generally disapproved trial court consideration of the LSI-R as "contrary to the essential function of the trial court in sentencing."  J.S. v. State, No. 79A02-0805-CR-465, slip op. at 10 (Ind. Ct. App. June 29, 2009) (quoting Rhodes v. State, 896 N.E.2d 1193, 1195 (Ind. Ct. App. 2008), *trans. not sought*).

With today's decision in Malenchik, we generally address the proper role and use of evidence-based offender assessment instruments, including the LSI-R.  Disapproving of the resistance to LSI-R test results expressed by the Court of Appeals in Rhodes, we hold that the LSI-R score is an appropriate supplemental consideration in judicial sentencing proceedings.

> [S]uch evidence-based assessment instruments can be significant sources of valuable information for judicial consideration in deciding whether to suspend all or part of a sentence, how to design a probation program for the offender, whether to assign an offender to alternative treatment facilities or programs, and other such corollary sentencing matters.

---

[2] Because we find that the LSI-R score does not properly function as either an aggravating or mitigating circumstance, we express no opinion regarding the accuracy of the trial judge's understanding that the LSI-R assessment scores may not be helpful in cases involving sexual abuse.  This may have been a misplaced reference to the relatively reduced assessment accuracy among sex offenders that is reported for a separate assessment instrument, the Substance Abuse Subtle Screening Inventory (SASSI).  Franklin G. Miller & Linda E. Lazowski, *The SASSI Manual* 33 (2d ed., The SASSI Institute 1999).

2

Malenchik, ___ N.E.2d at ___ [slip op. at 10].

We hold today in Malenchik, however, that the scores produced by the LSI-R and other similar offender recidivism risk assessment instruments do not function as aggravating or mitigating circumstances for the purpose of determining the length of sentence appropriate for each defendant. *Id.* at ___ [slip op. at 14]. In one sense, it would appear that such recidivism assessment coincides with at least two of the mitigating considerations designated by statute that focus upon an offender's probable future conduct: Indiana Code § 35-38-1-7.1(b)(7) ("The person is likely to respond affirmatively to probation or short term imprisonment"), and Indiana Code § 35-38-1-7.1(b)(8) ("The character and attitudes of the person indicate that the person is unlikely to commit another crime"). And as to both aggravating and mitigating circumstances, the items enumerated by statute "do not limit the matters that the court may consider in determining the sentence." Ind. Code § 35-38-1-7.1(c). On the other hand, the LSI-R is not "designed to assist in establishing the just penalty." Malenchik, ___ N.E.2d at ___ [slip op. at 10] (quoting D.A. Andrews, Ph.D. & James L. Bonta, Ph.D, The Level of Service Inventory-Revised User's Manual at 3 (2001)). Furthermore, the data selection and evaluations that comprise an assessment instrument are prepared not by the sentencing judge but by probation officers or other administrators, and their selection and evaluations may not precisely coincide with the trial judge's findings from the evidence presented at sentencing. *Id.* at ___ [slip op. at 10–11]. For these reasons, the offender risk assessment scores do not in themselves constitute, and cannot serve as, an aggravating or mitigating circumstance. *Id.* Notwithstanding a possible slight divergence from the factual assessments of the sentencing judge, the LSI-R and similar instruments have proven to be statistically reliable indicators of recidivism risk probabilities and thus may be considered to "supplement and enhance a judge's evaluation, weighing, and application of the other sentencing evidence in the formulation of an individualized sentencing program appropriate for each defendant." *Id.* at ___ [slip op. at 11]. They "do not replace but may inform a trial court's sentencing determinations." *Id.* at ___ [slip op. at 2].[3]

---

[3] Sentencing proceedings for determining whether to impose a sentence of death or life imprisonment without parole call for a departure from this rule. In cases involving whether to impose a sentence of death or life imprisonment without parole, a jury may determine the sentence and is entitled to consider any mitigating factor or circumstance. Ind. Code § 35-50-2-9(c)(8) (expressly authorizing consideration of "[a]ny other circumstances appropriate for consideration"); *see also* Abdul-Kabir v. Quar-

In the present case, the trial court declined to give mitigating treatment to the defendant's LSI-R score of 13, which, according to the pre-sentence report,[4] placed the defendant "into the Low Risk/Needs category." Appellant's App'x at 131. A trial court's reasons for imposing a particular sentence, and its "omission of reasons arguably supported by the record, are reviewable on appeal for abuse of discretion." Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007). The relative weight given such reasons, however, is not subject to such appellate review. *Id.*

We understand from the record that the trial court here considered but elected to give no mitigating weight to the defendant's LSI-R score. We do not review this weighing decision. To the extent that the trial judge instead may have refused to even consider the score as a possible mitigating circumstance, such decision would not be an abuse of discretion because the LSI-R score is not in the nature of, nor may it be considered as, an aggravating or mitigating circumstance. Rather, its function is to "supplement and enhance a judge's evaluation, weighing, and application of the other sentencing evidence in the formulation of an individualized sentencing program appropriate for each defendant." Malenchik, ___ N.E.2d at ___ [slip op. at 11]. We find no error in the trial court's decision to disregard the defendant's LSI-R score.

Transfer is granted, and the judgment of the trial court is affirmed.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.

terman, 550 U.S. 233, 248, 127 S. Ct. 1654, 1665, 167 L. Ed. 2d 585, 598 (2007) ("[T]he sentencer in capital cases must be permitted to consider *any* relevant mitigating factor." (quoting Eddings v. Oklahoma, 455 U.S. 104, 112, 102 S. Ct. 869, 875, 71 L. Ed. 2d 1, 9 (1982))). In such cases, therefore, the results of an LSI-R or other similar evidence-based offender risk assessment instrument may be given consideration as an independent mitigating circumstance.

[4] One exception to the mandatory statutory confidentiality of a pre-sentence report is "upon specific authorization by the court and the convicted person." Ind. Code § 35-38-1-13(b). This statutory confidentiality is referenced by Indiana Administrative Rule 9(G)(1)(viii). But case record information excluded from public access "may be made accessible if the information is declared by a court with jurisdiction over the case to be essential to the resolution of litigation." Ind. Admin. R. 9(G)(3). Because the defendant in this appeal is challenging his sentence and particularly the manner in which the trial court considered information in the pre-sentence report, we authorize and declare publicly accessible the defendant's pre-sentence report information discussed in this opinion.