**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MITCHELL A. PETERS**
Merrillville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIAM ROBERT TYLER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 64A04-1402-CR-71 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable Roger C. Bradford Judge
Cause No. 64D01-1203-FC-2507

**July 8, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

William Tyler appeals his sentence for Class C felony battery. We affirm.

**Issues**

Tyler raises one issue, which we revise as:

I.  whether the trial court abused its discretion when it sentenced him; and

II.  whether the sentence imposed is inappropriate in light of the nature of the offense and the character of the offender.

**Facts**

On March 12, 2012, Marco Tomich was playing baseball with friends at a park in Valparaiso. Tyler approached a nearby fence and started yelling at Tomich to drop the baseball bat and come to him because Tomich allegedly owed $400 to Tyler for a drug debt. Tomich started walking home, but Tyler and his friends followed. Tyler confronted Tomich, knocked the baseball bat out of his hand, and stabbed him in the chest. Tyler then bragged to his friends that he had "stabbed the mother f***er in the neck." App. p. 17. The State charged Tyler with Class C felony battery, Class D felony criminal recklessness, and Class A misdemeanor battery.

Tyler pled guilty but mentally ill to Class C felony battery, and the State dismissed the remaining charges. Under the plea agreement, the executed sentence was capped at six years. At the sentencing hearing, the trial court found Tyler's history of delinquent behavior and the fact that he was on bond at the time of the arrest as aggravating factors. The trial court found Tyler's mental health issues as a mitigating factor. However, the

trial court concluded that the aggravating factors outweighed the mitigating factors and sentenced Tyler to eight years with two years suspended to probation. Tyler filed a motion to correct error, arguing that the trial court failed to give enough weight to his mental health, but the trial court denied the motion. Tyler now appeals.

## Analysis

### I. Sentencing – Abuse of Discretion

Tyler argues that the trial court abused its discretion when it sentenced him. Sentencing decisions are within the sound discretion of the trial court. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218. However, a trial court may be found to have abused its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that explains reasons for imposing a sentence where the record does not support the reasons; (3) entering a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration; and (4) entering a sentencing statement in which the reasons given are improper as a matter of law. Id. at 490-91. The reasons or omission of reasons given for choosing a sentence are reviewable on appeal for an abuse of discretion. Id. The weight given to those reasons, i.e. to particular aggravators or mitigators, is not subject to appellate review. Id.

Tyler argues that the trial court failed to give proper weight to the mitigating factor of his mental health. However, our supreme court in Anglemyer clearly held that the weight given to particular aggravators or mitigators is not subject to review on appeal. Consequently, we cannot review the weight given to Tyler's mental health as a mitigator.

See J.S. v. State, 928 N.E.2d 576, 579 (Ind. 2010) (refusing to review the weight given to a defendant's LSI-R score).

## II. Sentencing – Inappropriateness

Although Tyler claims in his issue statement that his sentence is inappropriate under Indiana Appellate Rule 7(B) and includes the proper standard of review in his brief, Tyler makes no specific argument concerning the nature of the offense and the character of the offender. Consequently, Tyler has waived this issue. See Ind. Appellate Rule 46(A)(8) (requiring argument to be supported by cogent reasoning). Waiver notwithstanding, we will address whether Tyler's sentence is inappropriate under Appellate Rule 7(B).

Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offenses and the character of the offender. When considering whether a sentence is inappropriate, we need not be "extremely" deferential to a trial court's sentencing decision. Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). Still, we must give due consideration to that decision. Id. We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement

4

of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

The nature of the offense is that Tyler pursued Tomich because of an alleged $400 drug debt. Although Tomich walked away when Tyler confronted him, Tyler followed, knocked a baseball bat out of Tomich's hand, and stabbed Tomich in the chest. Tyler then bragged to his friends about the stabbing. During his presentence investigation interview, Tyler attempted to minimize his actions by stating, "everybody out to get my money or my stuff." App. p. 69.

Our review of the character of the offender reveals that, other than the instant offense, twenty-six-year-old Tyler already had seven misdemeanor convictions and one felony conviction. In 2006, Tyler pled guilty to Class A misdemeanor possession of paraphernalia and Class B misdemeanor visiting a common nuisance. Tyler was sentenced to probation, which he violated, and probation was terminated unsatisfactorily. In 2007, he pled guilty to Class D felony aiding theft. In 2010, he pled guilty to Class A misdemeanor resisting law enforcement. In 2010, he pled guilty to Class A misdemeanor trespassing, and he violated his probation. In 2011, he pled guilty to Class A

5

misdemeanor possession of paraphernalia. In 2011, he also twice pled guilty to Class A misdemeanor possession of marijuana. Tyler also had pending charges for Class A misdemeanor operating a vehicle while intoxicated endangering a person, Class C misdemeanor never received a valid driver's license, and Class A misdemeanor possession of paraphernalia. Tyler was on bond at the time of this offense. Tyler is also unable to conform his behavior while incarcerated. Tyler incurred at least twenty-five incident reports in 2011, fifteen incident reports in 2012, and fifteen incident reports in 2013.

Tyler underwent a court-ordered competency examination. He was found competent to stand trial. However, Tyler was born with fetal alcohol syndrome and has been diagnosed with schizoaffective disorder, bipolar disorder, and ADHD. He has had at least two psychiatric hospitalizations and has been on many psychiatric medications. He was repeatedly expelled from schools and did not complete high school. In 2005, he was hit by a car, suffered a frontal brain injury, and was in a coma for one and one-half months. As a result of the accident, he has been diagnosed with neurocognitive disorder, which affects his impulse control, increases his paranoia, and increases his irritability.

Tyler also admits to having abused illicit substances. He began drinking alcohol when he was twelve years old. Over the years, he has abused or experimented with many different drugs. At the time of this offense, he was under the influence of alcohol and Xanax. He has never participated in substance abuse treatment.

On appeal, Tyler argues that his mental health "creates significant permanent problems with his normal functioning and is clearly implicated in the crime he

committed." Appellant's Br. p. 21. We acknowledge that Tyler has significant mental health issues. However, we must also give due regard, as the trial court did, to Tyler's criminal history. Prior leniency has not resulted in changes to Tyler's behavior; rather, his crimes have escalated. Further, Tyler has failed to address his long-standing substance abuse issues. The plea agreement capped Tyler's executed time at six years, which is the executed time that the trial court imposed. Given the circumstances here, we conclude that the trial court's sentence of eight years with two years suspended to probation is not inappropriate.

## Conclusion

Tyler may not challenge the weight given to his mental health issues, and the sentence imposed by the trial court is not inappropriate. We affirm.

Affirmed.

BAKER, J., and CRONE, J., concur.