## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 27 2017, 10:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston, PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James D. Smith,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | February 27, 2017<br><br>Court of Appeals Case No.<br>79A02-1609-CR-2149<br><br>Appeal from the Tippecanoe<br>Superior Court<br><br>The Honorable Steven P. Meyer,<br>Judge<br><br>Trial Court Cause No.<br>79D02-1601-F5-5 |

**Najam, Judge.**

# Statement of the Case

James D. Smith appeals his sentence following his conviction for battery, as a Level 5 felony. Smith presents two issues for our review, namely, whether the trial court abused its discretion when it sentenced him and whether his sentence is inappropriate in light of the nature of the offense and his character. We affirm.

# Facts and Procedural History

On December 21, 2015, Smith went to see his ex-girlfriend, Annie Carter, at her house in Lafayette. Smith began to argue with Carter, and he threw her to the floor and hit her in the face with a liquor bottle. At some point, Carter's boyfriend, Zaccheues Ward, arrived at the house, and Smith physically attacked him. Smith struck Ward in the head with an empty liquor bottle, which caused Ward to fall down the basement stairs. Smith then went down to the basement and struck Ward in the head multiple times with the bottle. Smith left Ward lying on the basement floor and left the house. Smith did not call for emergency medical help for Ward, who had sustained a skull fracture, and Smith fled to Chicago in an attempt to avoid arrest for the battery.

The State charged Smith with two counts of battery, as Level 5 felonies, and one count of battery, as a Level 6 felony. The day before trial, Smith pleaded guilty to one count of battery, as a Level 5 felony, and, in exchange for that plea, the State dismissed the other two charges. The trial court accepted Smith's guilty plea and, following a sentencing hearing, sentenced Smith to five

years executed. In its sentencing statement, the trial court identified the following mitigators: Smith's guilty plea without the benefit of a plea agreement and his acceptance of responsibility; his participation in rehabilitative programs in jail; his difficult childhood. And the trial court identified the following aggravators: his serious criminal history; his violation of pre-trial release; prior petitions to revoke probation; failures to appear in court; his flight to avoid arrest after committing the crime; and his high risk to reoffend. This appeal ensued.

## Discussion and Decision

### Issue One: Abuse of Discretion

[4] Smith first contends that the trial court abused its discretion when it sentenced him. Generally, sentencing decisions are left to the sound discretion of the trial court, and we review its decision only for an abuse of that discretion. *Singh v. State*, 40 N.E.3d 981, 987 (Ind. Ct. App. 2015), *trans. denied*. "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the trial court." *Id.*

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. Under those circumstances, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the

> trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record.

*Anglemyer v. State*, 868 N.E.2d 482, 490-91 (Ind. 2007) ("*Anglemyer I*") (internal quotation marks and citations omitted), *clarified on reh'g*, 875 N.E.2d 218 ("*Anglemyer II*").

[5] Smith maintains that the trial court abused its discretion when it identified as an aggravating factor the probation department's assessment that he was at a high risk to reoffend. In support of that contention, Smith cites our supreme court's opinion in *J.S. v. State*, 928 N.E.2d 576, 578 (Ind. 2010), where the court held that "the scores produced by . . . offender recidivism risk assessment instruments do not function as aggravating or mitigating circumstances for the purpose of determining the length of sentence appropriate for each defendant." But, as the State points out, our supreme court in *J.S.* also held that risk assessment scores "may be considered to 'supplement and enhance a judge's evaluation, weighing, and application of the other sentencing evidence in the formulation of an individualized sentencing program appropriate for each defendant.'" *Id.*

[6] We need not decide whether the trial court properly considered Smith's high risk to reoffend because, even if such consideration was improper, "'when a trial court improperly applies an aggravator but other valid aggravating circumstances exist, a sentence enhancement may still be upheld.'" *Baumholser v. State*, 62 N.E.3d 411, 417 (Ind. Ct. App. 2016) (quoting *Hackett v. State*, 716 N.E.2d 1273, 1278 (Ind. 1999) (internal citations omitted)). Smith does not

challenge the other aggravators identified by the trial court in support of his five-year sentence, which is two years more than the advisory sentence for a Level 5 felony. Ind. Code § 35-50-2-6(b) (2017). Again, the trial court also identified as aggravating: Smith's criminal history, which includes two felony convictions, namely, conspiracy to distribute crack cocaine and criminal recklessness, and nine misdemeanor convictions; his multiple failures to appear; his multiple probation revocations; his violation of pre-trial release; and the fact that he fled to avoid arrest after committing the instant offense. We are confident that, had the trial court considered only those proper aggravators, it would have sentenced Smith to five years executed. *See Anglemyer I*, 868 N.E.2d at 491 (holding remand for resentencing appropriate if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record). Accordingly, the trial court did not abuse its discretion when it sentenced Smith.

### Issue Two: Appellate Rule 7(B)

Smith contends that his five-year sentence is inappropriate in light of the nature of the offense and his character. As we have explained:

> Indiana Appellate Rule 7(B) permits an Indiana appellate court to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We assess the trial court's recognition or nonrecognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). The principal role of appellate review is to "leaven

the outliers." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). A defendant must persuade the appellate court that his or her sentence has met the inappropriateness standard of review. *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007).

*Robinson v. State*, 61 N.E.3d 1226, 1228 (Ind. Ct. App. 2016).

[8] Smith asserts that the battery against Ward "is a 'typical' offense of battery resulting in serious bodily injury" and, thus, the nature of the offense does not support an enhanced sentence. Appellant's Br. at 10. We cannot agree. Smith, with no apparent provocation, struck Ward in the head with a liquor bottle, which caused Ward to fall down a flight of stairs. Smith then went down stairs and struck Ward in the head with the bottle multiple times, fracturing his skull, and Smith left the scene without calling 9-1-1. Had Smith merely struck Ward in the head once and knocked him down the stairs, that would have been sufficient to support the seriously bodily injury enhancement. But Smith did not stop there. He continued his battery on Ward. We cannot say that Smith's five-year sentence is inappropriate in light of the nature of the offense.

[9] Smith also maintains that his sentence is inappropriate in light of his character. In support of that contention, Smith points out that he pleaded guilty without the benefit of an agreement and took responsibility for his actions. And Smith cites the evidence that, while he was in jail, he: obtained a certificate of work readiness and a certificate of college readiness; attended alcohol abuse classes; attended church and bible study classes; and obtained an academic achievement award for math and language studies. But, again, as the trial court found,

Smith's criminal history is significant. Smith has two prior felony convictions and nine misdemeanor convictions. He has failed to appear for court hearings on multiple occasions over many years, and he has had his probation revoked many times. In addition, Smith fled Lafayette and went to Chicago in an attempt to avoid arrest after severely battering Ward. While Smith has demonstrated a willingness to better himself while in jail for this offense, his criminal history, lack of respect for court orders, and inability to successfully complete probation support an enhanced sentence. We cannot say that Smith's sentence is inappropriate in light of his character.

[10] Affirmed.

Bailey, J., and May, J., concur.