

FILED

Aug 23 2019, 6:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

James Harper
Deputy Public Defender
Harper & Harper, LLC
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ronald E. Kayser,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | August 23, 2019<br><br>Court of Appeals Case No.<br>18A-CR-3117<br><br>Appeal from the LaPorte Circuit Court<br><br>The Honorable Thomas Alevizos, Judge<br><br>Trial Court Cause Nos.<br>46C01-1709-F6-853<br>46C01-1711-F5-1068 |

**Pyle, Judge.**

## Statement of the Case

[1] Ronald Kayser ("Kayser") appeals the sentences imposed in two separate causes. Kayser pled guilty to Level 6 felony failure to register as a sex or violent

offender[1] in one cause and to Level 5 felony sexual misconduct with a minor[2] in a second cause. The trial court imposed a two-year sentence for Kayser's Level 6 felony conviction and a five-year sentence for his Level 5 felony conviction, and it ordered the sentences to be served consecutively to each other. Kayser argues that: (1) the trial court abused its discretion in its determination of aggravating circumstances and by ordering consecutive sentences; and (2) his aggregate sentence is inappropriate. Concluding that the trial court did not abuse its discretion and that Kayser's sentence is not inappropriate, we affirm his sentence.

[2] We affirm.

## Issues

1. Whether the trial court abused its discretion when sentencing Kayser.

2. Whether Kayser's sentence is inappropriate.

## Facts[3]

[3] In 2001, Kayser was convicted in Florida of a sex offense involving child fondling, which was a second-degree felony. Thereafter, he was required to

---

[1] IND. CODE § 11-8-8-17.

[2] IND. CODE § 35-42-4-9.

[3] The facts for each offense as contained in Kayser's factual basis from his guilty plea in each cause are somewhat limited to the basic elements of the crimes as necessary to establish a factual basis. Because Kayser has challenged his sentence as inappropriate, thus requiring us to review the nature of the offenses at issue, we will include facts, as found in the record before us and that would have been considered by the trial court, regarding the nature of Kayser's offenses.

register on a sex and violent offender registry, which he did when residing in Indiana. Under the registry, he was also required, among other things, to notify the sheriff's department within seventy-two hours of any change in his employment.

[4] In February 2017, Kayser was fired from his job. Thereafter, in March 2017, he started working at a new job. Kayser never notified the sheriff's department of either change in employment. Five months later, the sheriff's department learned that Kayser had changed employment and had not reported it. In September 2017, the State charged Kayser, under cause 46C01-1709-F6-853 ("Cause F6-853"), with Level 6 felony failure to register based on his failure to notify law enforcement of his change of employment.

[5] On October 20, 2017, prior to his arrest in Cause F6-853, Kayser, who was fifty-nine years old at that time, touched and fondled the buttocks and vaginal area of a fifteen-year-old girl in order to arouse or satisfy his sexual desires. Specifically, Kayser was riding his bicycle when he saw two teenage girls, J.B. and F.B., who were locked out of F.B.'s house and trying to get into the window. Kayser stopped, approached the girls, and offered to lift J.B. into the window. As he lifted J.B., Kayser touched and rubbed the girl's buttocks and vaginal area for about fifteen seconds. Once both girls were inside the house, they saw Kayser masturbating in the yard outside the window. In November 2017, the State charged Kayser, under cause 46C01-1711-F5-1068 ("Cause F5-1068"), with Level 5 felony sexual misconduct with a minor and Class A misdemeanor public indecency.

[6] On September 28, 2018, Kayser entered a plea agreement in Cause F5-1068. Kayser agreed to plead guilty to the Level 5 felony sexual misconduct with a minor in exchange for the State's dismissal of the Class A misdemeanor public indecency charge. The plea agreement provided that the State would "remain silent" at the sentencing hearing. (App. Vol. 2 at 23). The trial court ordered a presentence investigation report ("PSI") to be completed and ordered Kayser to have a psychosexual assessment prior to sentencing.

[7] Kayser's psychosexual assessment was conducted in October 2018. He was given two risk assessments,[4] and the results of both assessments indicated that Kayser had a high risk of reoffending. The report from the psychosexual assessment indicated that Kayser had a poor understanding of sex offending risk factors; an extensive criminal history, including previous sexual-related charges; a history of alcohol abuse; and severe problems with community supervision, including a previous probation violation and failure to register. The psychosexual assessment report also indicated that short-term incarceration followed by probation or community supervision was not recommended given Kayser's history of non-compliance. The Indiana Risk Assessment System ("IRAS") that Kayser completed as part of his PSI also revealed that Kayser had a high risk to reoffend.

---

[4] The two assessments were the Static-99 and the McGrath Cummings Sex Offender Needs and Progress Scale.

[8] On November 14, 2018, Kayser entered a plea agreement in Cause F6-853. He pled guilty as charged to the Level 6 felony failure to register charge, and the parties agreed to argue sentencing.

[9] Thereafter, the trial court held a joint sentencing hearing for Cause F5-1068 and Cause F6-853. The PSI showed that Kayser had a criminal history dating back four decades and that included twelve criminal convictions in three states. His convictions included misdemeanor convictions for operating without a license (1984), public intoxication (1988), disorderly conduct (1988), unlawful use of marijuana (1989), driving with an impaired ability (1991), operating while intoxicated (1992), driving without a license (1996), and battery (2016). In the 2016 battery case, Kayser had originally been charged with Level 3 felony criminal confinement while armed with a deadly weapon and Level 3 felony kidnapping while armed with a deadly weapon, but he pled guilty to an amended charge of Class A misdemeanor battery. Kayser also had felony convictions out of Florida for DUI manslaughter (2001) and a sex offense involving the fondling a child (2001). Kayser violated probation in his DUI manslaughter case and had his probation revoked. Additionally, Kayser had been charged in 1978 in Virginia with three counts of taking indecent liberty with a child, but the disposition of these charges was unknown.

[10] During the sentencing hearing, one of the teenage girls, J.B., testified about the devastating effect that Kayser's sexual misconduct offense in Cause F5-1068 had had on her and on her friend, F.B. Specifically, J.B. testified that Kayser had a knife that day and that she and F.B. were still scared. J.B. testified that

she was in therapy because "it messed up [her] mind a little bit." (Tr. Vol. 2 at 24). J.B. also explained that F.B. was scared to walk home alone or to stay alone in her own house.

[11] When determining Kayser's sentences, the trial court found that Kayser's guilty plea to the highest-level charge in each cause was a mitigating circumstance. The trial court specifically noted that Kayser's guilty plea was "the only thing saving him from a maximum sentence[.]" (Tr. Vol. 2 at 37). The trial court found the following aggravating circumstances:

> 1. The Defendant has a long criminal history, including sex crimes, causing the death of another human being, and past charges of the same type of charges he's pleading to under Cause 46C01-1709-F6-0853.
>
> 2. The IRAS and Psychosexual Assessment both indicate a high level to reoffend. The Defendant's criminal history indicates same.
>
> 3. The Defendant has a history of not completing probation without revocations.
>
> 4. The Defendant has a prior-related conviction in Orange County, Florida.

(App. Vol. 2 at 43-44). The trial court imposed a five (5) year sentence for Kayser's Level 5 felony sexual misconduct with a minor conviction and a two (2) year sentence for his Level 6 felony failure to register conviction, and it ordered that the sentences be served consecutively. The trial court explained that the "aggravators [we]re more than enough to enhance both sentences and to run them consecutively." (Tr. Vol. 2 at 37). The trial court also noted that

the results of Kayser's psychosexual assessment revealed that he was not a candidate for probation due to his "high scores, lack of understanding [that] the nature of the crimes [we]re wrong, as well as past history of not being receptive to this." (App. Vol. 2 at 44). Kayser now appeals.

# Decision

[12] Kayser contends that: (1) the trial court abused its discretion when sentencing him; and (2) his sentence is inappropriate. We will review each argument in turn.

## 1. Abuse of Discretion

[13] Kayser argues that the trial court abused its discretion in its determination of aggravating circumstances and by ordering his sentences to be served consecutively. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007). So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* An abuse of discretion will be found where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* A trial court may abuse its discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a

sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490-91.

[14] Kayser challenges two of the four aggravating circumstances found by the trial court. Kayser first challenges the aggravating factor that he was likely to reoffend. The trial court determined that this aggravating circumstance was shown by Kayser's IRAS score, his psychosexual assessment score, and his criminal history. Kayser contends that it was improper for the trial court to use his assessment scores as an aggravating circumstance.

[15] We agree that "the offender risk assessment scores do not in themselves constitute, and cannot serve as, an aggravating or mitigating circumstance." *J.S. v. State*, 928 N.E.2d 576, 578 (Ind. 2010). Our Indiana Supreme Court has explained that scores on a risk assessment instrument "are *not* intended to serve as aggravating or mitigating circumstances nor to determine the gross length of sentence[.]" *Malenchik v. State*, 928 N.E.2d 564, 575 (Ind. 2010) (emphasis added). Instead, these "offender assessment instruments are appropriate supplemental tools for judicial consideration at sentencing" and can be used by the trial court "in formulating the manner in which a sentence is to be served." *Id.*

[16] While the trial court properly used the assessment scores when deciding that it would not place Kayser on probation, its use of his assessment scores, in and of

themselves, as a separate aggravating factor was not proper. *See id.* [5]
Nevertheless, any such impropriety would not require this Court to remand for resentencing given the trial court's finding of other valid aggravating circumstance, two of which Kayser does not challenge. If a trial court abuses its discretion by improperly considering an aggravating circumstance, we need to remand for resentencing only "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Anglemyer*, 868 N.E.2d at 491. Here, the record shows that the trial court's discussion of aggravating circumstances focused on Kayser's criminal history, which included a similar conviction for child fondling, the serious offense of DUI manslaughter during which he violated probation, and past charges for inappropriate behavior with a child. Additionally, our review of the record reveals that the trial court's imposition of slightly enhanced sentences was essentially based on the undisputed criminal history aggravating circumstance. Thus, we are confident that the trial court would have imposed the same sentences even without reference to the assessment scores in its list of aggravating factors. Accordingly, we conclude that the trial court did not abuse its discretion when sentencing Kayser. *See*

---

[5] We note that, under the current advisory sentencing scheme, the trial court could have considered Kayser's likeliness to reoffend as either a separate aggravating circumstance or could have, at the very least, used it as an explanation of the weight given to the criminal history aggravator. *See McMahon v. State*, 856 N.E.2d 743, 751 n.8 (Ind. Ct. App. 2006).

*Gleason v. State*, 965 N.E.2d 702, 712 (Ind. Ct. App. 2012) (explaining that "[o]ne valid aggravator alone is enough to enhance a sentence").

[17] Kayser also challenges the trial court's determination that his 2001 Florida child sex offense conviction was an aggravating circumstance. Specifically, he argues that it was improper for the trial court to find this 2001 conviction to be an aggravating circumstance separate from the criminal history aggravating circumstance and that it was improper to use that conviction as an aggravator to enhance his fail to register conviction in Cause F6-853. Because the 2001 Florida conviction was part of his criminal history, it would have been better practice for the trial court not to list it as a separate aggravating circumstance. Nevertheless, our review of the record reveals that the trial court was highlighting this prior child sex offense conviction when enhancing Kayser's sentence for his sexual misconduct with a minor conviction in Cause F5-1068, not for Cause F6-853. Even without consideration of this specific 2001 conviction as an aggravating circumstance, it is unnecessary to remand for resentencing because we are confident that the trial court would have imposed the same sentence given Kayser's lengthy criminal history, which he does not challenge as a valid aggravator.

[18] We also reject Kayser's challenge to the trial court's imposition of consecutive sentences. A trial court may order consecutive sentences based on one valid aggravating factor. *Id.* Moreover, that one valid aggravator may be used both to enhance a sentence and to justify consecutive sentences. *Id.* Here, the trial court found that Kayser had a "long criminal history" and ordered his sentences

to run consecutively. (Tr. Vol. 2 at 37). Kayser's criminal history aggravating circumstance, which he does not challenge, is sufficient to justify the imposition of consecutive sentences. *See e.g.*, *Gleason*, 965 N.E.2d at 712 (explaining that the defendant's unchallenged criminal history aggravating factor alone was sufficient to justify his consecutive sentences).

## 2. Inappropriate Sentence

[19] Kayser argues that the aggregate sentence for his Level 5 felony sexual misconduct with a minor and Level 6 felony failure to register is inappropriate. He asks this Court to revise each of his sentences to an advisory term and to order them to be entered as concurrent sentences. Kayser argues that "the facts of this case simply do not support consecutive sentences that are above the advisory sentence." (Kayser's Br. 16). We disagree.

[20] We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). The defendant has the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). The principal role of a Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). "Appellate Rule 7(B) analysis is not to determine whether another sentence is more appropriate but rather whether the sentence imposed is inappropriate." *Conley v. State*, 972

N.E.2d 864, 876 (Ind. 2012) (internal quotation marks and citation omitted), *reh'g denied*.

[21] When determining whether a sentence is inappropriate, we acknowledge that the advisory sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Childress*, 848 N.E.2d at 1081. Here, Kayser entered a guilty plea in each cause and was convicted of Level 5 felony sexual misconduct with a minor and Level 6 felony failure to register as a sex or violent offender. A Level 5 felony has a sentencing range of one (1) year to six (6) years with an advisory sentence of three (3) years. I.C. § 35-50-2-6. A Level 6 felony has a sentencing range of six (6) months to two and one-half (2½) years with an advisory sentence of one (1) year. I.C. § 35-50-2-7. The trial court imposed consecutive sentences of two (2) years for Kayser's Level 6 felony conviction and five (5) years for his Level 5 felony conviction. Thus, the trial court imposed an aggregate seven (7) year sentence, which was below the potential maximum sentence of eight and one-half (8½) years.

[22] Turning first to the nature of Kayser's failure to register offense in Cause F6-853, we note that he had a 2001 Florida sex offense involving the fondling a child that required him to register on the sex and violent offender registry. That registry required him to, among other things, notify the sheriff's department within seventy-two hours of any change in his employment. Kayser was fired from a job one month and got another job the following month. Not only did Kayser fail to notify the sheriff's department of his employment changes within the required time period, he never notified them at all.

[23] The nature of Kayser's sexual misconduct with a minor offense is more troubling. The fifty-nine-year old Kayser, who was a registered sex offender, touched and fondled the buttocks and vaginal area of a fifteen-year-old girl in order to arouse or satisfy his sexual desires. As Kayser was riding a bicycle, he saw two teenage girls and approached them. When he lifted one of the girls into a window, he touched and rubbed the girl's buttocks and vaginal area for about fifteen seconds. Thereafter, he masturbated in the yard outside the window. Kayser's offense had a devastating effect on both girls, who continued to be scared and had to go to therapy.

[24] Turning to Kayser's character, we note that his poor character is revealed by an extensive criminal history that spans decades and includes a probation revocation. That criminal history includes eight misdemeanor offenses and two felony convictions. The prior felony convictions include killing another human being while driving intoxicated and a sex offense against a child that resulted in his requirement to register on the sex offender registry. Kayser's criminal history and current offenses show that he has a disregard for the law, and his assessment scores show that he has a high risk to reoffend.

[25] Kayser has not persuaded us that his aggregate seven-year sentence for his Level 5 felony sexual misconduct with a minor and Level 6 felony failure to register is inappropriate. Therefore, we affirm the sentence imposed by the trial court.

Affirmed.

Robb, J., and Mathias, J., concur.