## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 27 2020, 11:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Tyler D. Helmond
Voyles Vaiana Lukemeyer Baldwin & Webb
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

Anthony J. Smith
Certified Legal Intern
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Antonio Rodriquez Walters, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | August 27, 2020 <br><br> Court of Appeals Case No. 20A-CR-326 <br><br> Appeal from the Vanderburgh Circuit Court <br><br> The Honorable Gary J. Schutte, Magistrate <br><br> Trial Court Cause No. 82C01-1910-F5-7366 |

**Pyle, Judge.**

# Statement of the Case

Antonio Rodriquez Walters ("Walters"), following a guilty plea, appeals his aggregate three-and-one-half-year sentence for his Level 6 felony resisting law enforcement conviction[1] and habitual offender adjudication.[2] Walters argues that the trial court abused its discretion in its determination of aggravating and mitigating circumstances. Concluding that the trial court did not abuse its discretion, we affirm his sentence.

We affirm.

# Issue

Whether the trial court abused its discretion when sentencing Walters.

# Facts

In October 2019, the State charged Walters with Level 5 felony domestic battery and Level 6 felony resisting law enforcement, and it alleged that he was an habitual offender. Just prior to trial, the State filed a motion to dismiss without prejudice the Level 5 felony domestic battery charge, and the trial court granted the motion. On the morning of Walters' January 13, 2020 jury trial, he

---

[1] IND. CODE § 35-44.1-3-1.

[2] I.C. § 35-50-2-8.

pled guilty to the Level 6 felony resisting law enforcement charge and admitted that he was an habitual offender.[3]

[4] At a subsequent sentencing hearing, Walters recognized that he had a significant criminal history. Indeed, the presentence investigation report ("PSI) indicates that the forty-nine-year-old Walters had accumulated more than eighteen felony convictions and fourteen misdemeanor convictions in a twenty-nine-year time span. The PSI also revealed that Walters' results from the Indiana Risk Assessment System ("IRAS") instrument showed that he was at a high risk to reoffend.

[5] During sentencing, Walters' counsel "advise[d]" the trial court that Walters' "mother [wa]s ill" but did not give any further details regarding her illness. (Tr. Vol. 2 at 14). Counsel stated that Walters "want[ed] to see his mother before she passes" but acknowledged that counsel "d[id]n't have any reason [to] think that's imminent[.]" (Tr. Vol. 2 at 14). Walters' counsel also discussed a police officer body cam video from Walters' resisting law enforcement offense but did not introduce the video as an exhibit during sentencing. Walters' counsel told the trial court that she had reviewed the body cam video and asserted that the officer's injuries that had occurred as part of Walters' resisting law enforcement offense were "not [from] a battery situation[.]" (Tr. Vol. 2 at 14). Walters' counsel asserted that the video showed that Walters "obviously didn't – didn't

---

[3] Walters pled guilty without a plea agreement.

express himself appropriately" and also showed that "the officer came to [Walters] in a very aggressive manner." (Tr. Vol. 2 at 14). Counsel stated that Walters had "tried to talk to the officer and was essentially not being heard, largely because he wasn't complying with the officer's request[.]" (Tr. Vol. 2 at 14). Walters' counsel further stated that "from Mr. Walters' perspective[,] . . . he felt like he was being treated unfairly by being arrested before an investigation was complete." (Tr. Vol. 2 at 14).

[6] The State responded to Walters' discussion of the circumstances surrounding Walters' resisting law enforcement offense. The State acknowledged that Walters' "resisting law enforcement [offense] did come from a skirmish [and] that they were wrestling around on the ground in an attempt to restrain and arrest Mr. Walters." (Tr. Vol. 2 at 15). The State also recognized that the officer had "approach[ed] [Walters] quickly" but stated that "[t]hat was due to the lead [domestic battery] charge that [had been] dismissed[.]" (Tr. Vol. 2 at 15).

[7] When sentencing Walters, the trial court stated that it had "taken into consideration" Walters' prior criminal history, including his eighteen felony convictions, and his "high risk to re-offend[.]" (Tr. Vol. 2 at 15). The trial court also "consider[ed]" Walters' guilty plea and admission to being an habitual offender. The trial court sentenced Walters to one and one-half (1½) years at the Indiana Department of Correction for his Level 6 felony resisting law enforcement conviction and enhanced that sentence by two (2) years for his habitual offender adjudication. Walters now appeals.

# Decision

Walters contends that the trial court abused its discretion when sentencing him. Specifically, he contends that the trial court abused its discretion in its determination of mitigating and aggravating circumstances.

Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007). So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* An abuse of discretion will be found where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* A trial court may abuse its discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490-91.

Walters first contends that the trial court abused its discretion by failing to consider his mother's illness and the circumstances of his crime as mitigating factors. A trial court, however, is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance. *Rascoe v. State*, 736 N.E.2d 246, 249 (Ind. 2000). In fact, a claim that the trial court failed to find a mitigating

circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 493.

Walters contends that the trial court should have found his mother's illness and the circumstances of his offense as mitigators pursuant to INDIANA CODE §§ 35-38-1-7.1(b)(4) ("There are substantial grounds tending to excuse or justify the crime, though failing to establish a defense") and 35-38-1-7.1(b)(5) ("The person acted under strong provocation"). Additionally, Walters asserts that the trial court abused its discretion by failing to consider the circumstances of his offense in the "proper context" that "Walters is black." (Walters' Br. 8, 9).

Walters, however, did not raise these arguments to the trial court as a basis to consider his mother's illness and the circumstances of his offense as mitigating factors. Accordingly, Walters has waived such argument on appeal. *See Bryant v. State*, 984 N.E.2d 240, 252 (Ind. Ct. App. 2013) ("Failure to present a mitigating circumstance to the trial court waives consideration of the circumstance on appeal."), *trans. denied*. Moreover, because Walters failed to show that his proffered mitigators were both significant and clearly supported by the record, the trial court did not abuse its discretion by declining to find them as mitigating circumstances.

Next, Walters argues that the trial court abused its discretion by finding his high risk to reoffend as an aggravating circumstance. We recognize that "the offender risk assessment scores do not in themselves constitute, and cannot

serve as, an aggravating or mitigating circumstance." *J.S. v. State*, 928 N.E.2d 576, 578 (Ind. 2010). Instead, these "offender assessment instruments are appropriate supplemental tools for judicial consideration at sentencing" and can be used by the trial court "in formulating the manner in which a sentence is to be served." *Malenchik v. State*, 928 N.E.2d 564, 575 (Ind. 2010).

[14] When sentencing Walters, the trial court stated that it had "taken into consideration" Walters' prior criminal history and the fact that Walters was "a high risk to re-offend[.]" (Tr. Vol. 2 at 15). While a defendant's risk assessment result can properly be used "in formulating the manner in which a sentence is to be served[,]" *see Malenchik*, 928 N.E.2d at 575, here, the trial court used the IRAS risk assessment result, in and of itself, as a separate aggravating factor, which is improper. *See J.S.*, 928 N.E.2d at 578; *Malenchik*, 928 N.E.2d at 575. *See also Kayser v. State*, 131 N.E.3d 717, 722 (Ind. Ct. App. 2019) (holding that the trial court erred by using a defendant's risk assessment score as an aggravating factor).

[15] However, to the extent the trial court improperly considered the IRAS assessment as an aggravating factor, the error does not require this Court to remand for resentencing. *See Anglemyer*, 868 N.E.2d at 491 (explaining that, if a trial court improperly considers an aggravating circumstance, we need to remand for resentencing only "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record"). Here, it is clear from a review of the record that the trial court relied upon Walters' extensive criminal history, which

is a valid and undisputed aggravating circumstance, when imposing a slightly enhanced sentence for Walters' Level 6 felony resisting law enforcement conviction. Because we are confident that the trial court would have imposed the same sentence even without reference to Walters' risk assessment, we conclude that the trial court did not abuse its discretion when sentencing Walters. *See Kayser*, 131 N.E.3d at 723 (holding that, despite a trial court's improper use of a defendant's risk assessment score as an aggravating factor, the trial court did not abuse its discretion when sentencing a defendant where our Court was confident that the trial court would have imposed the same sentence even without reference to the assessment score in its list of aggravating factors). *See also Gleason v. State*, 965 N.E.2d 702, 712 (Ind. Ct. App. 2012) (explaining that "[o]ne valid aggravator alone is enough to enhance a sentence").

[16] Affirmed.

Kirsch, J., and Tavitas, J., concur.