

FILED

Oct 29 2018, 9:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

Mark S. Koselke
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Kelly A. Loy
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Eran D. Haddock,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 29, 2018<br><br>Court of Appeals Case No.<br>18A-CR-1362<br><br>Appeal from the Huntington<br>Superior Court<br><br>The Honorable Jennifer E.<br>Newton, Judge<br><br>Trial Court Cause No.<br>35D01-1609-PC-10 |

**Najam, Judge.**

## Statement of the Case

[1]     Eran D. Haddock appeals the trial court's denial of his petition for permission to file a belated notice of appeal. Haddock presents two issues for our review,

which we consolidate and restate as whether the trial court erred when it denied his petition.

We reverse and remand with instructions.

## Facts and Procedural History

On March 13, 2015, the State charged Haddock with two counts of dealing in cocaine or a narcotic drug, as Level 3 felonies. Thereafter, on January 5, 2016, the State and Haddock entered into a plea agreement. Pursuant to the terms of the plea agreement, Haddock agreed to plead guilty to one count of dealing in a narcotic drug, as a Level 3 felony. In the plea agreement, Haddock provided a factual basis for his guilty plea. In particular, Haddock admitted that he had sold seven hydromorphone pills to a confidential informant and that the offense took place "in the physical presence of a child less than eighteen (18) years of age, when I knew the child was present and might be able to see or hear the offense." Appellant's App. Vol. II at 36. In exchange for Haddock's guilty plea, the State agreed to dismiss the second count.

Haddock's plea agreement included a provision that stated: "I understand that I have a right to appeal my sentence. As a condition of entering into this plea agreement, I hereby knowingly and voluntarily waive my right to appeal my sentence so long as the Judge sentences me within the terms of my plea agreement." *Id.* The plea agreement left sentencing to the discretion of the trial court.

[5] The trial court held a hearing on Haddock's guilty plea. At the beginning of the hearing, the court played a video that informed Haddock of his rights. Specifically, the court advised Haddock that, if he were to go to trial and be found guilty, he would have the right to appeal that conviction. But, by entering a plea of guilty, Haddock was "giving up [his] right to appeal." *Id.* at 47. Haddock also testified that he had gone over his guilty plea and the waiver of rights with his attorney and that he understood those documents.

[6] Thereafter, on February 2, 2016, the trial court held a sentencing hearing. At the conclusion of the hearing, the trial court stated: "The criminal history shows two (2) other felony offenses, eight (8) prior[] misdemeanor offenses, five (5) petitions to revoke. The factual basis for this particular offense specifically includes that it took place in the physical presence of a child less than eighteen (18) years of age." *Id.* at 63. The court then sentenced Haddock to an aggravated sentence of fourteen years, with twelve years executed and two years suspended to probation.

[7] On September 12, 2016, Haddock, *pro se*, filed a petition for post-conviction relief in which he alleged that he had not received effective assistance of trial counsel. Thereafter, on September 29, a Deputy Public Defender filed an appearance on Haddock's behalf. But, on the same day, that attorney filed a notice in which he indicated that, due to his caseload, he could not currently investigate Haddock's claims. As a result, the court stayed the post-conviction proceedings.

Then, on January 8, 2018, a second Deputy Public Defender, Mark Koselke, filed an appearance on Haddock's behalf. On April 30, Haddock, with counsel, filed a petition for permission to file a belated notice of appeal. In the petition, Haddock asserted that his sentence was illegal because the trial court had used an improper aggravator when it sentenced him. Specifically, Haddock asserted that the trial court's use of the fact that Haddock had committed the offense while in the presence of a child was an improper aggravator because that was also an element of the offense to which Haddock had pleaded guilty.[1] Haddock included as attachments to his petition his plea agreement and the transcripts from the guilty plea and sentencing hearings. Haddock also included an affidavit in which he stated: "I was previously informed that I had waived my right to appeal the sentence. The Judge informed me at my guilty plea hearing that there was a provision in the plea that waived my right to appeal the sentence." Appellant's App. Vol. II at 66. But he further stated that his trial counsel did not advise him that the "waiver of appellate rights did not apply if the Judge failed to follow sentencing procedure and guidelines. I first learned of this option on February 27, 2018, at a client conference with Deputy Public Defender Mark Koselke." *Id*. at 66-67. The trial court denied Haddock's petition without a hearing. This appeal ensued.

---

[1] The offense of dealing in cocaine or a narcotic drug is elevated from a Level 5 felony to a Level 3 felony if the amount of the drug involved is at least one gram but less than five grams and "an enhancing circumstance applies[.]" Ind. Code § 35-48-4-1(d)(2) (2018). One enhancing circumstance, which was alleged here, is when a person commits the offense in the physical presence of a child less than eighteen years of age, knowing that the child was present and might be able to see or hear the offense. I.C. § 35-48-1-16.5(6).

## Discussion and Decision

[9] Haddock appeals the trial court's denial of his petition for permission to file a belated notice of appeal. Indiana Post-Conviction Rule 2 allows a defendant to seek permission to file a belated notice of appeal. In particular, Section 1(a) of that rule provides:

> An eligible defendant convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction or sentence if[:]
>
> > (1) The defendant failed to file a timely notice of appeal;
> >
> > (2) The failure to file a timely notice of appeal was not due to the fault of the defendant; and
> >
> > (3) The defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

Ind. Post-Conviction Rule 2(1)(a). "If the trial court finds that the requirements of Section 1(a) are met, it *shall* permit the defendant to file the belated notice of appeal. Otherwise, it shall deny the petition." P-C.R. 2(1)(c) (emphasis added).

[10] "The defendant bears the burden of proving by a preponderance of the evidence that he was without fault in the delay of filing and was diligent in pursuing permission to file a belated motion to appeal." *Moshenek v. State*, 868 N.E.2d 419, 422-23 (Ind. 2007). Usually, "[t]he decision whether to grant permission to file a belated notice of appeal . . . is within the sound discretion of the trial

court." *Id.* at 422. But where, as here, the trial court did not hold a hearing and ruled on a paper record, we will review the denial of the petition *de novo*. *See Baysinger v. State*, 835 N.E.2d 223, 224 (Ind. Ct. App. 2005).

[11]     Haddock contends that the trial court erred when it denied his request for a belated notice of appeal because his failure to timely file a notice of appeal was not due to any fault of his own and because he had been diligent in requesting permission to file the belated notice of appeal. However, before we address Haddock's arguments, we must first address the State's contention that Haddock is not eligible under our post-conviction rules to file a belated notice of appeal.

### *Eligibility*

[12]     Post-Conviction Rule 2 expressly applies only to an "eligible defendant," which is "a defendant who, but for the defendant's failure to do so timely, would have the right to challenge on direct appeal a conviction or sentence after a trial or plea of guilty by filing a notice of appeal, filing a motion to correct error, or pursuing an appeal." P-C.R. 2. Specifically, the State contends that Haddock is not an eligible defendant "because he cannot show that he had the right to directly appeal his sentence" since Haddock waived the right to appeal his sentence pursuant to the terms of the plea agreement. Appellee's Br. at 9.

[13]     It is well settled that a defendant can waive his right to appeal a sentence. *See Crider v. State*, 984 N.E.2d 618, 623 (Ind. 2013). However, a defendant's waiver of appellate rights is only valid if the sentence is imposed in accordance with the

law. *See id*. at 625. Thus, if a sentence imposed is illegal, and the defendant does not specifically agree to the sentence, the waiver-of-appeal provision is invalid. *See id*.

[14] Under the State's theory on appeal, the only way to determine whether Haddock is an eligible defendant under Post-Conviction Rule 2 is to analyze whether his sentence is illegal and, thus, not subject to the waiver provision of his plea agreement. But that is the substance of the issue Haddock seeks to raise on appeal by way of his belated notice of appeal. In other words, the State asks us to address the merits of Haddock's putative belated appeal in order to determine that he is not eligible to be heard on the merits of his belated appeal. We decline to adopt the State's circular reasoning.

[15] At this stage in the proceedings, we are unwilling to place the burden on Haddock to argue the merits of his putative belated appeal. Rather, we hold that Haddock would have had the right to raise in a timely appeal the issue of whether his sentence is illegal. *E.g.*, *id*. Accordingly, as that is the issue Haddock seeks to raise in his putative belated appeal, we hold that Haddock is an eligible defendant pursuant to Post-Conviction Rule 2.

[16] Because we hold that Haddock is eligible under Post-Conviction Rule 2 to seek a belated notice of appeal, we next address whether the trial court erred when it concluded that Haddock had not demonstrated that the failure to timely file a notice of appeal was not due to any fault of his and that he was diligent in requesting permission to file a belated notice of appeal.

The Indiana Supreme Court has previously stated that "[t]here is substantial room for debate as to what constitutes diligence and lack of fault on the part of the defendant as those terms appear in Post-Conviction Rule 2." *Moshenek*, 868 N.E.2d at 424. Some factors that may be considered are "'the defendant's level of awareness of his procedural remedy, age, education, familiarity with the legal system, whether the defendant was informed of his appellate rights, and whether he committed an act or omission which contributed to the delay.'" *Id.* at 423 (quoting *Land v. State*, 640 N.E.2d 106, 108 (Ind. Ct. App. 1994)). We first consider whether Haddock has established that his failure to timely file a notice of appeal was not due to any fault of his.

### *Fault*

Here, Haddock signed a plea agreement that indicated that he waived his right to appeal his sentence. And, Haddock indicated at his guilty plea hearing that he had carefully gone over the plea agreement with his attorney. Accordingly, Haddock believed that he had waived his right to appeal his sentence. Further, at his sentencing hearing, the trial court did not advise Haddock of his right to appeal an illegal sentence. And it is well settled that "[t]he fact that a trial court did not advise defendant about this right can establish that the defendant was without fault in the delay of filing a timely appeal." *Id.* at 424.

However, the State contends that "Haddock has failed to show that the failure to timely file was not his fault" because Haddock could have consulted with his trial counsel "to determine whether the sentencing was 'within the terms of the plea agreement.'" Appellee's Br. at 11. We acknowledge the fact that Haddock

was represented by an attorney at his sentencing hearing. But that attorney never informed Haddock of his right to appeal an illegal sentence. Indeed, it was that same attorney who advised Haddock of the rights he had waived when he signed the plea agreement. Contrary to the State's assertion, we will not fault Haddock for not knowing of his right to appeal an illegal sentence simply because he was represented by an attorney at his sentencing hearing.

[20] As discussed above, Haddock believed he had waived the right to appeal his sentence because of the waiver provision in his plea agreement and because neither the trial court nor his trial counsel informed Haddock that he had the right to appeal an illegal sentence. And it was not until two years later, when Haddock met with his new attorney on February 27, 2018, that Haddock learned that he had the option to appeal his sentence on the ground that the sentence was illegal. Accordingly, the trial court erred when it concluded that Haddock had not shown that his failure to timely file a notice of appeal was not due to his own fault.

### *Diligence*

[21] We next address whether Haddock has established that he was diligent in requesting permission to file a belated notice of appeal. There are several factors to consider in order to determine if a defendant was diligent in seeking a belated appeal. *See Moshenek*, 868 N.E.2d at 424. Those factors include the overall passage of time, the extent to which the defendant was aware of the relevant facts, and the degree to which delays are attributable to other parties. *Id.*

Here, just over two years passed between the date the trial court sentenced Haddock and the date he filed his petition for permission to file a belated notice of appeal. But, as discussed above, he did not become aware of the fact that he could appeal his sentence as an illegal sentence until he met with Koselke in February 2018. Then, once Haddock learned that he could appeal his sentence, only two months passed before he filed his petition. Because Haddock filed his petition within a reasonable time after he had learned of his right to appeal his sentence, we hold that the trial court erred when it concluded that Haddock had not met his burden to show that he was diligent in requesting permission to file a belated notice of appeal.[2]

### *Conclusion*

In sum, Haddock is an "eligible defendant" pursuant to Post-Conviction Rule 2 because he would have had the right to challenge his purportedly illegal sentence in a timely appeal notwithstanding the waiver provision of his plea agreement. Further, the undisputed facts show that Haddock's failure to file a timely notice of appeal was not due to his own fault and that he was diligent in

---

[2] The State contends that Haddock was not diligent in pursuing his belated appeal because he did not challenge his sentence in his petition for post-conviction relief. But the Indiana Supreme Court has held that a challenge to a sentence imposed after an open plea cannot be raised in a petition for post-conviction relief. *See Collins v. State*, 817 N.E.2d 230, 233 (Ind. 2004). Rather, "the proper procedure for an individual who has plead guilty in an open plea to challenge the sentence imposed is to file a direct appeal or, if the time for filing a direct appeal has run, to file an appeal under [Post-Conviction Rule] 2." *Id*. Thus, even if Haddock had known of his right to challenge an illegal sentence when he filed his petition for post-conviction relief, Haddock would not have been able to raise that issue in his petition. And Haddock followed the proper procedure to challenge his sentence by filing an appeal under Post-Conviction Rule 2 within a reasonable time after he learned of his right to appeal his sentence.

requesting permission to file a belated notice of appeal. As such, the trial court erred when it denied his petition to file a belated notice of appeal. We reverse the trial court's judgment and remand with instructions for the trial court to grant Haddock's petition for permission to file a belated notice of appeal.[3]

Reversed and remanded with instructions.

Crone, J., and Pyle, J., concur.

---

[3] We express no opinion on the merits of Haddock's direct appeal.