## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 12 2019, 9:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William T. Myers
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Eran D. Haddock,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

September 12, 2019

Court of Appeals Case No.
19A-CR-154

Appeal from the Huntington
Superior Court

The Honorable Jennifer E.
Newton, Judge

Trial Court Cause No.
35D01-1505-F3-116

**Tavitas, Judge.**

# Case Summary

[1] Eran Haddock appeals his sentence for dealing in cocaine or a narcotic drug, a Level 3 felony. We affirm.

# Issue

[2] Haddock raises one issue, which we restate as whether the trial court abused its discretion in sentencing Haddock.

# Facts

[3] On March 13, 2015, the State charged Haddock with two counts of dealing in cocaine or a narcotic drug, Level 3 felonies. The offenses were Level 3 felonies because the amount of the drug was at least one gram but less than five grams and the offenses were committed in the physical presence of a child less than eighteen years of age with Haddock's knowledge that the child was present and might be able to see or hear the offense. *See* Ind. Code §§ 35-48-4-1; 35-48-1-16.5.

[4] On January 5, 2016, Haddock pleaded guilty to one count of dealing in cocaine or a narcotic drug, a Level 3 felony, and the State dismissed the remaining charge. Haddock admitted that he sold seven hydromorphone pills weighing 1.3 grams to a confidential informant in the presence of a child less than eighteen years of age when he knew the child was present and might be able to see or hear the offense. The plea agreement left sentencing to the trial court's discretion. The plea agreement also provided: "I understand that I have a right to appeal my sentence. As a condition of entering into this plea agreement, I

hereby knowingly and voluntarily waive my right to appeal my sentence so long as the Judge sentences me within the terms of my plea agreement." Appellant's App. Vol. II p. 27. At the sentencing hearing, Haddock acknowledged that an aggravated sentence was appropriate and requested a sentence of twelve years with three years suspended to probation. The trial court sentenced Haddock to fourteen years with two years suspended to probation.

[5] On April 30, 2018, Haddock filed a petition for permission to file a belated appeal, which the trial court denied. On appeal, this Court reversed and remanded with instructions for the trial court to grant Haddock's petition for permission to file the belated notice of appeal. *Haddock v. State*, 112 N.E.3d 763 (Ind. Ct. App. 2018), *trans. denied*. Haddock now appeals his sentence.

# Analysis

[6] Haddock argues that the trial court abused its discretion when sentencing him.[1] Sentencing decisions rest within the sound discretion of the trial court.

---

[1] The State contends Haddock waived his right to appeal his sentence in his plea agreement. "It is well settled that a defendant can waive his right to appeal a sentence." *Haddock*, 112 N.E.3d at 767 (citing *Crider v. State*, 984 N.E.2d 618, 623 (Ind. 2013)). "However, a defendant's waiver of appellate rights is only valid if the sentence is imposed in accordance with the law." *Id.* "Thus, if a sentence imposed is illegal, and the defendant does not specifically agree to the sentence, the waiver-of-appeal provision is invalid." *Id.*

Here Haddock's plea agreement provided: "I understand that I have a right to appeal my sentence. As a condition of entering into this plea agreement, I hereby knowingly and voluntarily waive my right to appeal my sentence so long as the Judge sentences me within the terms of my plea agreement." Appellant's App. Vol. II p. 27. Haddock, however, argues that the trial court abused its discretion in sentencing him because it failed to consider certain proposed mitigators and it used an element of the offense as an aggravator.

"A sentence that is contrary to or violative of a penalty mandated by statute is illegal in the sense that it is without statutory authorization." *Reed v. State*, 856 N.E.2d 1189, 1199 (Ind. 2006). The State argues that "[a] legal sentence may be improper or inappropriate under certain circumstances but Defendant's rule would

*McElfresh v. State*, 51 N.E.3d 103, 107 (Ind. 2016). As long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* An abuse of discretion will be found where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.*

[7] A trial court may abuse its discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* (citing *Anglemyer v. State*, 868 N.E.2d 482, 490-91 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007)). If a trial court abuses its discretion by improperly considering an aggravating circumstance, we need to remand for resentencing only "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Anglemyer,* 868 N.E.2d at 491. A trial court's sentencing order may not be challenged as reflecting an improper weighing of aggravating or mitigating circumstances. *Id.*

---

render all appellate sentencing waivers ineffectual." Appellee's Br. p. 8. We need not determine whether Haddock waived his right to appeal his sentence because, waiver notwithstanding, we conclude that the trial court properly sentenced Haddock.

## I. Mitigating Factors

[8] Haddock first argues that the trial court should have considered the hardship on his children and "the fact that he accepted responsibility and showed remorse at sentencing" as mitigators. Appellant's Br. p. 11. A trial court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance. *Rascoe v. State*, 736 N.E.2d 246, 249 (Ind. 2000). A trial court has discretion to determine whether the factors are mitigating, and it is not required to explain why it does not find the defendant's proffered factors to be mitigating. *Haddock v. State*, 800 N.E.2d 242, 245 (Ind. Ct. App. 2003). A claim that the trial court failed to find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 493.

[9] Haddock argued at the sentencing hearing that he had two dependent children and that the mother of the children was also incarcerated. There was no indication at the hearing or in the pre-sentence investigation report of who is caring for the children now or the extent to which Haddock had been caring for the children. Although we recognize these circumstances are unfortunate, we are not persuaded that Haddock's circumstances are so significant as to require the trial court to find undue hardship as a mitigating circumstance.

[10] As for Haddock's remorse, our Supreme Court has held that a trial court's determination of a defendant's remorse is similar to a determination of credibility. *Pickens v. State*, 767 N.E.2d 530, 535 (Ind. 2002). "Without evidence of some impermissible consideration by the court, we accept its

determination of credibility." *Id.* Although Haddock briefly expressed remorse during the sentencing hearing, it was within the trial court's discretion to determine the credibility of that remorse. Our review of the evidence does not demonstrate an impermissible consideration by the trial court, and we cannot say that the trial court abused its discretion with respect to Haddock's remorse as a mitigating factor.

[11] Next, we address Haddock's acceptance of responsibility. Haddock did plead guilty, and a defendant who pleads guilty deserves "'some' mitigating weight be given to the plea in return," but the "significance of a guilty plea as a mitigating factor varies from case to case." *Anglemyer*, 875 N.E.2d at 220-21. "[A] guilty plea may not be significantly mitigating when it does not demonstrate the defendant's acceptance of responsibility . . . or when the defendant receives a substantial benefit in return for the plea." *Id.* at 221. Haddock received a significant benefit from his plea agreement because an additional Level 3 felony charge was dismissed. Given the benefit Haddock received for his plea agreement, we cannot say this proposed mitigator was so significant that the trial court was required to find it as a mitigating factor.

## II. *Aggravating Factors*

[12] Next, Haddock argues that the trial court abused its discretion by finding an element of the offense as an aggravating factor. "[A] material element of a crime may not be used as an aggravating factor to support an enhanced sentence." *McElroy v. State*, 865 N.E.2d 584, 589 (Ind. 2007). In evaluating the nature of the offense, however, the trial court "may properly consider the

particularized circumstances of the factual elements as aggravating factors."
*McCarthy v. State*, 749 N.E.2d 528, 539 (Ind. 2001).

[13]　Haddock contends that the trial court found the presence of a child during the offense to be an aggravator, which also was an element of the offense. At the sentencing hearing, the deputy prosecutor disagreed with Haddock's proposed hardship to his children mitigator and stated:

> -- not for aggravation but for the fact that you know, his crime was elevated because there was a child present. He was able to hear or see that offense and that is an element of the crime. So I'm not asking that for aggravation but that's why we believe that it's an appropriate sentence based upon his criminal history. I always get frustrated when people come in and throw themselves on the mercy of the Court and say, "I want to be out for my kids." But when you are out for your kids you are doing drugs in front of them which is not beneficial to them at all.

Tr. Vol. II p. 25. Immediately after the deputy prosecutor's statement, the trial court stated:

> The criminal history shows two (2) other felony offenses, eight (8) prior, misdemeanor offenses, five (5) petitions to revoke. The factual basis for this particular offense specifically includes that it took place in the physical presence of a child less than eighteen (18) years of age. You are sentenced to fourteen (14) years. The Court will suspend two (2) years leaving an executed sentence of twelve (12) years.

*Id.* at 25-26. It is unclear whether the trial court found the presence of a child as an aggravator or whether the trial court was merely commenting on Haddock's proposed mitigator of hardship to his children.

[14] Even if the trial court abused its discretion in considering the presence of a child, however, we find no error in Haddock's sentence. "Where the trial court has erred in sentencing a defendant, there are several options for the appellate court." *Mannix v. State*, 54 N.E.3d 1002, 1011 (Ind. Ct. App. 2016) (citing *Windhorst v. State*, 868 N.E.2d 504, 507 (Ind. 2007)). "Without a trial court sentencing order that meets the requirements of the law," we have the option to remand to the trial court for a clarification or new sentencing determination. *Id.* Additionally, we may exercise our authority to review and revise the sentence under Indiana Appellate Rule 7(B). *Id.*

[15] Indiana Appellate Rule 7(B) provides that this court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The nature of the offense is that Haddock sold seven hydromorphone pills to a confidential informant in the presence of a child less than eighteen years of age when he knew the child was present and might be able to see or hear the offense. The pills weighed 1.3 grams. As for the character of the offender, Haddock has a significant criminal history, which the trial court recognized. As an adult, Haddock has convictions for two felonies and eight misdemeanors, and his probation has been revoked five times. Haddock conceded at his sentencing hearing that an aggravated

sentence was warranted given his criminal history. Despite any error in the trial court's finding of aggravators, given the nature of Haddock's offense and his criminal history, Haddock's sentence of fourteen years with two years suspended to probation is not inappropriate.

## Conclusion

[16] The trial court did not abuse its discretion in determining mitigating factors. Even if the trial court abused its discretion when considering one aggravator, Haddock's sentence is not inappropriate. We affirm.

[17] Affirmed.

Brown, J., concurs.

Altice, J., concurs in result without opinion.