## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston, PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Nathan A. Thompson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | February 19, 2020<br><br>Court of Appeals Case No.<br>19A-CR-845<br><br>Appeal from the Clinton Circuit Court<br><br>The Honorable Bradley K. Mohler, Judge<br><br>Trial Court Cause No.<br>12C01-1704-F4-416 |

**Mathias, Judge.**

[1]     Nathan Thompson ("Thompson") pleaded guilty in Clinton Circuit Court to Class C felony misconduct with a minor, Class D felony sexual misconduct

with a minor, and Level 5 felony child solicitation. Thompson was ordered to serve an aggregate sentence of thirteen years, with two years suspended to probation. Thompson appeals his sentence and claims that the trial court relied on improper aggravating circumstances. The State argues that Thompson waived his right to appeal his sentence.

Concluding that Thompson waived his right to appeal his sentence, we affirm.

## Facts and Procedural History

On April 25, 2017, the State charged Thompson with two counts of Level 4 felony child molesting. The victim of those offenses was twelve-year old E.M. Thompson was E.M.'s stepfather. In the summer of 2016, E.M. was sleeping but woke up when she felt Thompson rubbing her leg. Thompson then reached under E.M.'s clothing and repeatedly touched her breasts and vagina. He also took E.M.'s hand and forced her to touch his penis. E.M.'s mother was at work when Thompson molested her. The State later added a charge of Level 5 felony child solicitation alleging that Thompson knowingly or intentionally solicited E.M. "to engage in fondling or touching intended to arouse or satisfy the sexual desires of either E.M. or" Thompson. Appellant's App. p. 65.

Thompson was also charged with Class C felony sexual misconduct with a minor. The victim of that offense was Thompson's sister-in-law, fourteen-year-old A.T. While A.T. was asleep, Thompson fondled A.T. by touching her breasts underneath her clothing and inserting his fingers into her vagina.

[5]     In addition, Thompson was charged with two counts of Class D felony sexual misconduct with a minor and Class A misdemeanor contributing to the delinquency of a minor. The victim of those offenses was fifteen-year-old B.C., who babysat Thompson's and his wife's younger children. Thompson gave B.C. narcotics and alcohol. He then touched her breasts and her vagina.

[6]     On December 21, 2018, approximately two and one-half weeks before his jury trial was scheduled to begin, Thompson entered into a plea agreement with the State. Thompson agreed to plead guilty to Level 5 felony child solicitation for the offenses committed against E.M., Class C felony sexual misconduct with a minor for the offenses committed against A.T., and Class D felony sexual misconduct with a minor for the offenses committed against B.C. In exchange for his guilty plea, the remaining charges were dismissed.

[7]     The plea agreement left sentencing to the discretion of the trial court and provided that "the defendant waives his/her right to appeal this case." Appellant's App. p. 67. At the guilty plea hearing, the trial court asked Thompson if he understood that "by pleading guilty you'll waive the right to appeal this case, to appeal any sentence and to seek appellate review of the sentence." Supp. Tr. p. 5. Thompson stated that he understood those terms. Thompson also acknowledged that by pleading guilty he was giving up his right to appeal his conviction and sentence. Supp. Tr. pp. 7–8.

[8]     Thompson's sentencing hearing was held on March 20, 2019. The State presented evidence of the victims' suffering as a result of Thompson's offenses.

A.T. and E.M. both suffer from depression and have engaged in self-harm. B.C. did not give a statement at the hearing.

[9] With regard to aggravating circumstances, the trial court considered Thompson's position of care, custody, or control over the victims, and that he was in a position of trust with his victims and violated that trust. The court also noted that Thompson was "high risk to re-offend" because of the nature of his offenses and his failure to complete his pre-sentence investigation packet. Tr. p. 24. The trial court found that Thompson's prior criminal history consisting of misdemeanor offenses involving operation of motor vehicles was an aggravating circumstance but declined to give this factor significant weight. *Id*. The court considered Thompson's guilty plea to be a mitigating circumstance but also noted that he received a substantial benefit from pleading guilty.

[10] The court found that the aggravating circumstances outweighed the mitigating circumstances and ordered Thompson to serve an aggregate sentence of thirteen years with two years suspended to probation. Specifically, he was ordered to serve consecutive terms of five years for Class C felony sexual misconduct with a minor, two years for Class D felony sexual misconduct with a minor, and six years with two years suspended to probation for Level 5 felony child solicitation. Thompson now appeals.

## Waiver

[11] The State argues that Thompson waived his right to appeal his sentence in his plea agreement. Thompson claims the waiver provision in his plea agreement is

ambiguous and unenforceable. Thompson also argues that the State forfeited its claim that he waived the right to appeal his sentence by failing to object after Thompson initiated his appeal.

[12] It is well settled that a defendant may waive the right to appellate review of his sentence as part of a written plea agreement. *Creech v. State*, 887 N.E.2d 73, 75 (Ind. 2008). Here, Thompson's plea agreement provided that "the defendant waives his/her right to appeal this case."[1] Appellant's App. p. 67. The agreement does not explicitly state that Thompson was waiving his right to appeal his sentence. At his guilty plea hearing, the trial court twice advised Thompson that by pleading guilty, he was giving up his right to appeal his sentence. Supp. Tr. pp. 5, 7–8.

[13] In support of his argument, Thompson cites to *Haddock v. State*, 112 N.E.3d 763 (Ind. Ct. App. 2018), *trans. denied*. But in that case Haddock was an "eligible defendant" for purposes of pursuing a belated appeal because he claimed his sentence was illegal. *Id*. at 767; *see also Lacey v. State*, 124 N.E.3d 1253, 1255–56 (Ind. Ct. App. 2019) (declining to find waiver where the defendant was challenging the legality of the habitual offender sentencing enhancement).

---

[1] We encourage the State to utilize language in plea agreements explicitly stating that a defendant waives his or her right to appeal his or her sentence. *See e.g. Creech*, 887 N.E.2d at 74 (holding that defendant waived right to appeal sentence where plea agreement provided, "I hereby waive my right to appeal my sentence so long as the Judge sentences me within the terms of my plea agreement."); *Starcher v. State*, 66 N.E.3d 621, 621 (Ind. Ct. App. 2016) (holding that defendant waived right to appeal sentence where plea agreement provided "As a condition of entering this plea agreement, defendant knowingly and voluntarily agrees to waive the right to appeal the sentence on the basis that it is erroneous or for any other reason so long as the Judge sentences him/her within the terms of this agreement."), *trans. denied*.

Thompson has not challenged the legality of his sentence. He has only challenged the trial court's sentencing discretion in its consideration of the aggravating circumstances. *See* Appellant's Br. at 17-20. The remaining cases Thompson cites in his brief involve plea agreements that contained ambiguous and/or conflicting terms. *See e.g. Williams v. State*, 51 N.E.3d 1205, 1209 (Ind. Ct. App. 2016); *Morris v. State*, 985 N.E.2d 364, 366–67 (Ind. Ct. App. 2013).

[14]   In this case, the language of Thompson's plea agreement unambiguously states that Thompson waived his "right to appeal this case." Appellant's App. p. 67. In addition, the transcript of the guilty plea hearing clearly establishes that Thompson understood he was waiving the right to appeal his sentence.

[15]   Contrary to Thompson's claim, the State was not required to challenge Thompson's right to appeal his sentence by objecting to Thompson's notice of appeal and/or request for appellate counsel. The State has no notice of the precise issue appealed until the defendant/appellant files his or her appellant's brief. As Thompson notes in his brief, in limited circumstances, a defendant may appeal a sentence even where the defendant waives his or her right in a plea agreement. *See e.g.*, *Lacey*, 124 N.E.3d at 1255–56; *Haddock*, 112 N.E.3d at 767 (declining to find waiver where the defendant was claiming an illegal sentence and the plea left the sentence open to the trial court's discretion); *see also Garza v. Idaho*, 139 S.Ct. 738, 744 (2019) (explaining that "no appeal waiver serves as an absolute bar to all appellate claims"). For these reasons, the State did not forfeit its right to claim waiver when it argued waiver for the first time in its appellee's brief.

[16]     Waiver notwithstanding, we briefly address Thompson's claim that the trial court abused its discretion in sentencing by considering his dated misdemeanor traffic offenses and that he was a high risk to re-offend as aggravating circumstances. *See Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007) (stating that sentencing decision are left to the sound discretion of the trial court). For his offenses, the trial court could have imposed an aggregate sentence of up to seventeen years. *See* Ind. Code §§ 35-50-2-5, -6, -7. The court ordered Thompson to serve a less than maximum aggregate sentence of thirteen years with two year suspended to probation.

[17]     The trial court assigned minimal aggravating weight to Thompson's prior misdemeanor offenses. The court also considered that Thompson was a high risk to re-offend because the IRAS assessment and the nature of the offenses.[2] Even if we were to conclude that the court abused its discretion when it considered these aggravating circumstances, Thompson was in a position to provide for the care, custody, and/or control over the victims, and as such, he was in a position of trust that was violated by his criminal actions. He molested and engaged in sexual misconduct with his twelve-year-old stepdaughter, fourteen-year-old sister-in-law, and his children's fifteen-year-old babysitter. Considering that Thompson received a significant benefit from his plea

---

[2] Our supreme court has held that "the offender risk assessment scores do not in themselves constitute, and cannot serve as, an aggravating or mitigating circumstance." *Kayser v. State*, 131 N.E.3d 717, 722 (Ind. Ct. App. 2019) (quoting *J.S. v. State*, 928 N.E.2d 576, 578 (Ind. 2010)). Here, the trial court considered both the probation department's risk assessment and the nature of Thompson's offenses to conclude that he was at a high risk to re-offend. Appellant's App. p. 81; Tr. p. 24.

agreement, the violation of trust aggravator alone more than supports the less-than-maximum sentence imposed.[3]

[18] Thompson waived his right to appeal his sentence, and therefore, we affirm the judgment of the trial court.

[19] Affirmed.

Kirsch, J., and Bailey, J., concur.

---

[3] If a trial court abuses its discretion by improperly considering an aggravating circumstance, we need to remand for resentencing only "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Anglemyer*, 868 N.E.2d at 491.