



FILED

May 19 2026, 9:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

I N   T H E

# Indiana Supreme Court

Supreme Court Case No. 25S-CR-303

## Carlos T. Ortiz,
*Appellant-Defendant,*

—v—

## State of Indiana,
*Appellee-Plaintiff.*

---

Argued: January 22, 2026 | Decided: May 19, 2026

Appeal from the Elkhart Circuit Court
The Honorable Michael A. Christofeno, Judge
No. 20C01-0612-MR-9

On Petition to Transfer from the Indiana Court of Appeals
No. 24A-CR-25

---

**Opinion by Justice Slaughter**

Chief Justice Rush and Justices Massa and Molter concur.
Justice Goff concurs with separate opinion.

**Slaughter, Justice.**

To bring a belated appeal, a criminal defendant must (among other things) be an "eligible defendant" under Indiana Post-Conviction Rule 2. A defendant is "eligible" under this rule if he would have the "right" to bring a direct appeal were it timely. Defendant, Carlos T. Ortiz, pleaded guilty to murder and waived his right to appeal his sentence. His proposed belated appeal argues that the trial court relied on an improper aggravator when imposing sentence.

Just last year, we held in *Anderson v. State* that a defendant may overcome an appeal waiver if his sentence is "illegal"—meaning it is outside the statutory sentencing range or is unconstitutional. Ortiz, though, does not allege that his sentence is illegal under *Anderson*'s narrow definition of illegality. His appeal waiver, accordingly, bars him from making this argument on direct appeal. His waiver also means, given the definition of an "eligible defendant", that Ortiz likewise cannot proceed with his belated appeal. We affirm the trial court's dismissal of Ortiz's petition for a belated appeal, but remand with instructions that the dismissal be without prejudice.

I

In 2006, Ortiz's six-week-old son, J.O., started crying and would not stop. To quiet the newborn, Ortiz shook the baby so hard that he stopped breathing. J.O. died two days later. The State charged Ortiz with murder. At first, the State sought a life-without-parole sentence but dropped this request after Ortiz agreed to an open plea under a plea agreement.

Relevant here, the plea agreement contained an appeal waiver, in which Ortiz "knowingly, intelligently, and voluntarily waive[d] his right to challenge the sentence on the basis that it is erroneous". Ortiz separately initialed this provision and, at the plea hearing, said he understood he was waiving his right to appeal. The trial court accepted his plea agreement and held a sentencing hearing.

In its sentencing order after the hearing, the trial court found several aggravating and mitigating circumstances. Among the mitigators were that Ortiz accepted responsibility for his actions and that his "educational

record reflects [that] he received special education as a learning disabled person." The aggravators included that Ortiz "occup[ied] a position of trust with his own son", and that his son's death was due to "shaken baby syndrome", as defined in Indiana Code section 16-41-40-2. At the time of Ortiz's crime, and to this day, the legislature has permitted Indiana courts to "consider" the presence of "shaken baby syndrome or abusive head trauma" as an aggravating circumstance when imposing sentence. Ind. Code § 35-38-1-7.1(a)(9). The trial court found that the aggravators warranted an enhanced sentence of sixty-three-and-one-half years' imprisonment, above the recommended fifty-five-year sentence for murder. Ortiz did not file a direct appeal.

Thirteen years later, in 2022, Ortiz sought permission to bring a belated appeal. Post-Conviction Rule 2 allows "eligible" defendants to bring a belated appeal if they are "diligent" in pursuing a belated appeal and without "fault" for failing to file a timely direct appeal. Ind. Post-Conviction Rule 2(a) § 1. In his petition, Ortiz alleged that he met these requirements because he had learned only recently that an appeal waiver "contained in a plea agreement cannot validly waive an appeal of an illegal sentence." Thus, Ortiz claimed he was not at fault for failing to seek a prior appeal and that, despite the lapse of thirteen years, he was diligent in pursuing his belated appeal. Despite his appeal waiver, Ortiz argued that "the law does not permit the imposition of a sentence based upon improper aggravating factors". Thus, he claimed, the "appeal waiver contained in the [plea agreement] does not bar" his belated appeal.

The trial court denied Ortiz's belated appeal, finding that he did not meet all the requirements of Rule 2. The court found that Ortiz was neither diligent in pursuing appellate relief nor without fault for his untimely filing. But, "[m]ore importantly", the trial court said, "the sentence appeal waiver clause contained in the Plea Agreement bars [Ortiz] from obtaining a belated direct appeal to challenge the lawfulness of his sentence". Thus, according to the court, Ortiz's claim could not proceed under *Wihebrink v. State*, 181 N.E.3d 448 (Ind. Ct. App. 2022), trans. denied, which held that an appeal waiver bars a defendant from asserting that the sentencing court abused its discretion. *Id.* at 452. Because the propriety (or not) of a sentencing court's application of aggravators and mitigators is reviewed

"for an abuse of discretion, not for legality", the court held that Ortiz's petition left him ineligible to pursue a belated appeal.

On appeal, a split panel reversed the trial court's judgment. Contrary to the trial court's findings, the majority held that Ortiz was both "diligent" and "without fault" for failing to file a timely direct appeal. *Ortiz v. State*, No. 24A-CR-25, 2025 WL 481725, at *6 (Ind. Ct. App. Feb. 13, 2025) (mem.). The majority also held that "Ortiz is an eligible defendant pursuant to Post-Conviction Rule 2", applying *Haddock v. State*, 112 N.E.3d 763, 766 (Ind. Ct. App. 2018), trans. denied, which allowed a similar belated appeal to go forward. *Ortiz*, 2025 WL 481725 at *5. The panel agreed that *Wihebrink* would bar Ortiz's belated appeal but, noting that "Indiana does not recognize horizontal stare decisis", opted to apply *Haddock* instead. *Id.* at *5 n.2. Judge Brown dissented, believing the panel should have followed *Wihebrink*. *Id.* at *7 (Brown, J., dissenting).

The State then sought transfer, which we granted, 271 N.E.3d 1121 (Ind. 2025), thus vacating the appellate decision, Ind. Appellate Rule 58(A).

II

Post-Conviction Rule 2, which concerns belated appeals, governs this case. "The decision whether to grant permission to file a belated notice of appeal or belated motion to correct error is within the sound discretion of the trial court" and is reviewed for an abuse of discretion. *Moshenek v. State*, 868 N.E.2d 419, 422, 423 (Ind. 2007). But we review "pure legal questions de novo", like how to interpret our post-conviction rules. *Kelly v. State*, 257 N.E.3d 782, 792 (Ind. 2025).

We proceed in two steps. First, we interpret Post-Conviction Rule 2. Second, we apply our understanding of this provision to Ortiz's belated appeal and conclude that his petition, on its face, leaves him ineligible for a belated appeal.

A

We first address who qualifies as an "eligible defendant" to seek a belated appeal under Rule 2. And then we resolve an ongoing split in our appellate court on this question.

1

A direct appeal after a final judgment is the "primary route for seeking review of claimed errors leading to a criminal conviction or sentence". *Id.* at 794. A belated appeal under Post-Conviction Rule 2 is another option for obtaining appellate review of such "claimed errors". Rule 2 allows a belated appeal in limited circumstances, with four relevant requirements here. The petitioner seeking that relief must be an "eligible defendant" who "failed to file a timely notice of appeal", which failure was not his "fault", and he must have been "diligent" in seeking permission to proceed with a belated notice of appeal.

> An eligible defendant convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction or sentence if;
>
> > (1) the defendant failed to file a timely notice of appeal;
> >
> > (2) the failure to file a timely notice of appeal was not due to the fault of the defendant; and
> >
> > (3) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

P-C.R. 2 § (1)(a). An "eligible defendant" is one who would otherwise have the "right" to bring a direct appeal were his filing not untimely.

> An "eligible defendant" for purposes of this Rule is a defendant who, but for the defendant's failure to do so timely, would have the right to challenge on direct appeal a conviction or sentence after a trial or plea of guilty by filing a notice of appeal, filing a motion to correct error, or pursuing an appeal.

P-C.R. 2. This definition creates a simple rule: A defendant is "eligible" to seek a belated appeal if he "would have the right to challenge" his conviction or sentence in a direct appeal. *Ibid.*

All criminal defendants presumptively enjoy one appeal of "right". Ind. Const. art. 7, § 6 (providing for "an absolute right to one appeal"). But, as happened here, defendants sometimes agree to waive appellate review as part of a plea agreement. Our recent decision in *Anderson v. State*, 269 N.E.3d 817 (Ind. 2025), considered the effect of a binding appeal waiver on a defendant's appellate rights in the context of a direct appeal.

*Anderson* reaffirmed "the validity of appeal-waiver provisions". *Id.* at 821. Because "plea bargains are essentially contracts", *Garza v. Idaho*, 586 U.S. 232, 238 (2019), we held that a defendant's appeal rights "are limited by the text and scope" of the waiver. *Anderson*, 269 N.E.3d at 821. In essence, "[t]he broader the waiver, the fewer the appeal rights." *Ibid.* Yet we noted that a "valid and enforceable appeal waiver . . . only precludes challenges that fall within its scope." *Ibid.* (quoting *Garza*, 586 U.S. at 238). If the trial court retains any sentencing discretion, one type of appellate challenge that is never waivable is that the sentence is "illegal". *Ibid.* Under *Anderson*, "a sentence is 'illegal' only if it is outside the prescribed statutory range or is unconstitutional." *Id.* at 822.

2

*Anderson* resolved a long-running dispute on the issue of appeal waivers between different panels of our appellate court, exemplified by *Haddock*, 112 N.E.3d 763, on the one hand, and *Wihebrink*, 181 N.E.3d 448, on the other. *Anderson* considered *Haddock*'s and *Wihebrink*'s rival views of what constitutes an "illegal" sentence. *Anderson*, 269 N.E.3d at 822. In doing so, we rejected *Haddock* and "approve[d] of *Wihebrink*'s reasoning", *ibid.*, which is that a trial court's "reliance on one or more invalid aggravators" does not make "the sentence 'illegal' or 'contrary to law'", *Wihebrink*, 181 N.E.3d at 451 (citing *Crider v. State*, 984 N.E.2d 618 (Ind. 2013)).

*Anderson*, we note, arose in the context of a direct appeal; *Haddock* and *Wihebrink*, in contrast, concerned belated appeals; and so, too, does Ortiz's appeal. These cases' different procedural postures, though, are immaterial

to the issue of appellate waiver, given *Anderson*'s definition of illegality. *Anderson* established, indirectly, when a defendant with an appeal waiver is "eligible" to bring a belated appeal under Rule 2. Under this rule, a defendant is eligible for a belated appeal only if he has the right to bring a direct appeal challenging his conviction or sentence. P-C.R. 2. And under *Anderson*, a defendant is thus "eligible" only if he either (1) did not waive his right to appeal at all or (2) if he did waive it, is alleging his sentence is "illegal"—meaning that his sentence either falls "outside the prescribed statutory range or is unconstitutional." 269 N.E.3d at 822. In this way, a defendant seeking a belated appeal has the same "right"—however broad or narrow—that he has on direct appeal.

The right to bring a direct appeal does not turn on whether the appeal has merit; criminal defendants often bring appeals that go nowhere. The defendant's burden is comparable when bringing a belated appeal: A defendant who seeks to file a belated appeal need not prove that his appeal would, if allowed to proceed, carry the day. He need only show that he could have brought his appeal had he filed it timely.

The presence of an appeal waiver does not change this standard. Again, a defendant's eligibility for a belated appeal does not turn on the merits of his underlying claims. His eligibility turns on whether his claims—assuming they are meritorious—would suffice to overcome the appeal waiver. An appeal waiver, in other words, limits a defendant's "right to challenge" his conviction or sentence on appeal. P-C.R. 2. Thus, in the same way an appeal waiver often limits a defendant's "right to challenge" his conviction or sentence on direct appeal, it also limits his ability to bring a belated appeal.

This inquiry is akin to the affirmative defense of failure to state a claim in ordinary civil actions. A motion to dismiss for failure to state a claim "tests the complaint's legal sufficiency." *Bellwether Props., LLC v. Duke Energy Ind., Inc.* 87 N.E.3d 462, 466 (Ind. 2017). "A complaint states a claim on which relief can be granted when it recounts sufficient facts that, if proved, would entitle the plaintiff to obtain relief". *Ibid.* Just as a defense under Trial Rule 12(B)(6) rests not on the merits of the allegations, but on whether the allegations, if proved, would entitle the plaintiff to relief, so

too here. A defendant's "eligibility" for a belated appeal rests not on whether his petition alleges a meritorious claim, but on whether the claim would overcome an appeal waiver if timely brought on direct appeal.

Having resolved the meaning of an "eligible defendant", we apply this definition to Ortiz's belated appeal.

B

Ortiz has the same appellate rights in pursuing a belated appeal as if he were filing a direct appeal. P-C.R. 2 § 1(a). Put differently, if Ortiz tried to raise claims on direct appeal that were insufficient to overcome his appeal waiver, then those same claims would likewise be insufficient to make him "eligible" to seek a belated appeal.

Ortiz tries to circumvent his appeal waiver entirely, quoting *Garza* that "no appeal waiver serves as a bar to all appellate claims." 586 U.S. at 238. That much is true but incomplete. As we held in *Anderson*, "even a comprehensive waiver that purports to foreclose all appeals cannot legally prevent a defendant from challenging an unbargained-for 'illegal' sentence." 269 N.E.3d at 819. Ortiz's eligibility for a belated appeal thus turns on whether his post-conviction filings alleged that his sentence is "illegal". They did not.

In the post-conviction court, Ortiz alleged that "the law does not permit the imposition of a sentence based upon improper aggravating factors". His argument relied on *Haddock* and its (erroneous) conception of an illegal sentence. We observed in *Anderson* that our criminal code authorizes trial courts to "impose any sentence that is: (1) authorized by statute; and (2) permissible under the Constitution of the State of Indiana; regardless of the presence or absence of aggravating circumstances or mitigating circumstances." *Id.* at 822 (quoting I.C. § 35-38-1-7.1(d)). As *Anderson* made clear, this statute "underscores that the legislature considers a sentence 'illegal' only if it is not within the permitted range or violates the state constitution." *Ibid.* Thus, the allegation in Ortiz's petition that the trial court relied on "improper aggravators" when imposing sentence is not a claim that his sentence is illegal. *Id.* at 823 (quoting *Wihebrink*, 181 N.E.3d at 452).

This is not to say that *Anderson* necessarily dooms every argument alleging improper sentencing aggravators. Judge Vaidik has identified at least one example where the argument that an aggravator was improper might defeat an appeal waiver. In *Crouse v. State*, the defendant "claimed that the **only** aggravator found by the trial court" was invalid. 158 N.E.3d 388, 395 (Ind. Ct. App. 2020) (Vaidik, J., concurring in the judgment) (emphasis added). Judge Vaidik suggested that if the defendant "were correct that this aggravator is invalid, then his sentence **would be illegal**, because consecutive sentences cannot be imposed without at least one aggravator." *Id.* at 395–96 (emphasis added). Without deciding this question, we agree with Judge Vaidik that such an argument might suffice to allege illegality—on the ground that the sentence was "outside the prescribed statutory range". *Anderson*, 269 N.E.3d at 822.

But this line of reasoning does not work here. For starters, Ortiz did not argue it, so it is waived. What is more, the trial court found several **other** aggravating circumstances besides shaken baby syndrome. Even assuming, then, that the shaken-baby-syndrome aggravator were improper, as Ortiz claims, his sentence would not fall outside the statutory range and thus would not be "illegal". *Ibid.*

At the transfer stage, Ortiz argued for the first time that the "shaken baby syndrome hypothesis is inaccurate", and that the statutory aggravator on which this hypothesis is based "violates his constitutional rights to due process". Ortiz has waived this argument by not raising it below. "[A]ppellate review presupposes that a litigant's arguments have been raised and considered in the trial court." *Plank v. Cmty. Hosps. of Ind., Inc.*, 981 N.E.2d 49, 53 (Ind. 2013).

Waiver aside, Ortiz's constitutional claim about one specific aggravator does not allege that his entire sentence is unconstitutional, and thus "illegal", under *Anderson*. Again, even if Ortiz's attempted due-process claim about the shaken-baby-syndrome aggravator were right, this was just one of several aggravators the trial court relied on in imposing an enhanced sentence for Ortiz. The remaining, unchallenged aggravators would still justify upholding his sentence.

Ortiz's proffered claim is a far cry from the examples of unconstitutionality recounted in *Anderson*—like "a sentence based on 'constitutionally impermissible criteria, such as race' or the 'deprivation of some minimum of civilized procedure' (such as if the parties stipulated to trial by twelve orangutans)." 269 N.E.3d at 823 (quoting *United States v. Adkins*, 743 F.3d 176, 192–93 (7th Cir. 2014)). To borrow a phrase from the analogous failure-to-state-a-claim parlance, Ortiz's belated-appeal allegations do not show that his constitutional claim "would entitle [him] to obtain" the requested relief of overcoming his appeal waiver. *Bellwether Props.*, 87 N.E.3d at 466.

\* \* \*

For these reasons, we affirm the trial court's judgment denying Ortiz's petition for belated appeal, with one modification. We remand to the trial court with instructions to modify its judgment to provide that the petition is dismissed without prejudice, not denied.

Rush, C.J., and Massa and Molter, JJ., concur.
Goff, J., concurs with separate opinion.

ATTORNEYS FOR APPELLANT
Amy E. Karozos
Public Defender of Indiana

Archer "Randy" Rose, Jr.
Emily L. Hopp
Deputy State Public Defenders
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Theodore E. Rokita
Attorney General of Indiana

Sierra A. Murray
Tyler Banks

Megan Smith

Deputy Attorneys General

Indianapolis, Indiana

**Goff, J., concurring.**

Although I concur in the Court's opinion, I write separately for two reasons: first, to explain why I believe the Court's approach to handling belated appeal waivers offers a practical solution to the problem of judicial inefficiency; and second, to point out the potential for consensus among the Court going forward when analyzing the enforceability of appeal waivers.

## A. The Court offers a practical way of handling appeal waivers at the PCR 2 stage.

Post-Conviction Rule 2 (or PCR 2) offers convicted persons, under certain circumstances, an opportunity to restore their post-conviction rights to direct appeal after the applicable time limits have expired. The rule asks only whether the petitioner would have had "the right to challenge on direct appeal [their] conviction or sentence" but for their failure to do so in a timely manner. Ind. Post-Conviction Rule 2. The "focus" of a PCR 2 proceeding "is whether a defendant should be granted permission to file a belated notice of appeal," limiting the inquiry to "the defendant's lack of fault and his diligence to make that determination." *Hill v. State*, 960 N.E.2d 141, 146 (Ind. 2012). The "underlying merits of an appeal," we've long held, "have no bearing on the question of restoring fundamental appellate rights where they have been wrongfully denied." *Gallagher v. State*, 410 N.E.2d 1290, 1292–93 (Ind. 1980).

Given this limited inquiry, I wrote separately in *Anderson v. State* to emphasize that, "in the context of a PCR 2 proceeding, a defendant should still be able to raise the issue of whether his sentence was illegal, *regardless* of the underlying merits of the belated appeal." 269 N.E.3d 817, 829 (Ind. 2025) (Goff, J., concurring in the judgment).

The Court today acknowledges that a defendant's eligibility under PCR 2 "does not turn on the merits of his underlying claims." *Ante*, at 7. Rather, the Court declares, a defendant's eligibility "turns on whether his claims—assuming they are meritorious—would suffice to overcome the appeal waiver." *Id.* The proper inquiry, the Court opines, is analogous to

the affirmative defense under Trial Rule 12(B)(6), which "rests not on the merits of the allegations, but on whether the allegations, if proved, would entitle the plaintiff to relief." *Id.* Thus, the Court concludes, a "defendant's 'eligibility' for a belated appeal rests not on whether his petition alleges a meritorious claim" but, rather, "on whether the claim would overcome an appeal waiver if timely brought on direct appeal." *Id.* at 8.

On the one hand, I hesitate in fully endorsing the Court's reasoning. As I see it, the question of whether a defendant's claim "would overcome an appeal waiver if timely brought on direct appeal" *necessarily requires* a court to determine the merits of his underlying claim. In other words, whether the claim falls beyond the scope of an appeal waiver *is* the merits question. To quote *Haddock v. State*, the Court's solution here would require a trial court "to address the merits of [a defendant's] putative belated appeal in order to determine that he is not eligible to be heard on the merits of his belated appeal." 112 N.E.3d 763, 767 (Ind. Ct. App. 2018), *trans. denied*.

On the other hand, the approach taken by the Court of Appeals in *Haddock*—addressing the defendant's diligence and lack of fault while leaving undecided whether his claim fell beyond the scope of his appeal waiver—raises obvious concerns with judicial inefficiency. If a timely direct appellant is barred from litigating a claim covered by his sentencing-appeal waiver, why shouldn't a PCR 2 court simply screen the belated appellant's claim to avoid delaying the inevitable and to avoid straining scarce public-defender resources? The Court's procedure for handling appeal waivers at the PCR 2 stage offers a practical solution to this problem. While nothing in PCR 2 requires the defendant to prove the underlying merits of his appeal issues, he must identify at least *some* cognizable basis to sustain his petition, allowing the court to make a threshold inquiry into whether a defendant's claim would suffice to overcome an appeal waiver if raised on direct appeal. And that's a process I'm comfortable with, especially given the deferential standard of review.

I also approve the Court's approach for another reason: As time passes, I see trial courts facing fewer and fewer claims like those presented here. A State Public Defender need not file a PCR 2 petition if he or she

determines that the "petition is not meritorious or in the interest of justice." *Kling v. State*, 837 N.E.2d 502, 507 (Ind. 2005). In assessing the relative chances for success, then, the State PD would arguably have a responsibility to consider not just whether the petitioner meets the lack-of-fault and diligence requirements under PCR 2 but also the merits of his underlying appeal. Given this Court's holding in *Anderson*, I find it unlikely that a State PD would recommend pursuing a PCR 2 petition for a defendant raising claims that fall outside that decision's narrow definition of illegality.

### B. The Court's opinion sets forth a potential path to consensus for analyzing the enforceability of appeal waivers.

As the Court points out, the *Anderson* decision resolved a long-standing conflict in Court of Appeals' precedent over how broadly or narrowly to interpret the meaning of an "illegal" sentence when analyzing a challenge to an appeal waiver. *Ante*, at 6. The Court there ultimately approved the narrow approach endorsed in *Wihebrink v. State*, concluding that "an alleged defect in the trial court's sentencing discretion, including determining and applying aggravating and mitigating factors, does not amount to an unconstitutional, illegal sentence." 269 N.E.3d at 823 (citing 181 N.E.3d 448, 452 (Ind. Ct. App. 2022), *trans. denied*). Although I rejected the Court's opinion as taking "a much-too-narrow approach," I acknowledged that a broad definition of an "illegal" sentence could render an appeal waiver meaningless "in those cases where a defendant does not agree to a specific sentence." *Id.* at 827, 828 (Goff, J., concurring in the judgment) (quoting *Wihebrink,* 181 N.E.3d at 452). In other words, I recognized the difficulty—if not the impossibility—of drawing a precise line.

Anticipating, perhaps, that future cases will continue to pose analytical challenges in determining whether a sentence is "illegal," the Court today refrains from declaring "that *Anderson* necessarily dooms every argument alleging improper sentencing aggravators." *Ante*, at 9. As an example of an improper aggravator potentially defeating an appeal waiver, the Court

points to Judge Vaidik's concurring opinion in *Crouse v. State*, where the defendant "claimed that the **only** aggravator found by the trial court" was invalid, which, if correct, would render his sentence illegal "because consecutive sentences cannot be imposed without at least one aggravator." *Id.* (quoting 158 N.E.3d 388, 395–96 (Ind. Ct. App. 2020) (Vaidik, J., concurring in the judgment)). Notably, I cited the same example in my separate opinion in *Anderson* to support my view, suggesting a common ground and a potential path to consensus in analyzing the perennially challenging issue of the enforceability of appeal waivers.

* * * * *

For the reasons above, I concur in the Court's holding that Ortiz is not entitled to proceed with his belated appeal.